# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONDA COOPER, CORAL FRASER, and GILBERT MANDA, *on behalf of themselves and all others similarly situated*, | |
| Plaintiffs, | Case No. 1:23-cv-09485-PAE |
| v. | |
| MOUNT SINAI HEALTH SYSTEM, INC., | The Honorable Paul A. Engelmayer, Judge |
| Defendant. | |

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into by, between, and among the following

Parties: (i) Ronda Cooper, Coral Fraser, and Gilbert Manda, individually and on behalf of the

Settlement Class, by and through their counsel of record ("Plaintiffs" or "Class Representatives");

and (ii) Mount Sinai Health System, Inc. ("Defendant" or "Mount Sinai"). The Settlement

Agreement is effective as of the last date signed below, is subject to Court approval, and is intended

by the Parties to fully, finally, and forever resolve, discharge, and settle the Litigation and Released

Claims upon and subject to the terms and conditions set forth herein.

## RECITALS

**WHEREAS**, Mount Sinai provides healthcare services in the State of New York and in

connection with these services operates a public website, www.mountsinai.org ("Website"), and

an Epic MyChart patient portal, https://mychart.mountsinai.org/ ("Patient Portal," and collectively

with the Website, the "Web Properties");

**WHEREAS**, on October 27, 2023, Plaintiffs commenced a class action lawsuit by filing a

complaint, captioned *Cooper, et al., v. Mount Sinai Health System, Inc.*, in the United States

District Court for the Southern District of New York (the "Litigation"), alleging that their personal health information was collected and shared with Facebook through Mount Sinai's implementation of the Facebook Pixel and Facebook's Conversions Application Programming Interface (CAPI) on its Web Properties;

**WHEREAS**, the Litigation was assigned case number 1:23-cv-09485-PAE and to the Honorable Paul A. Engelmayer of the United States District Court for the Southern District of New York;

**WHEREAS**, on January 12, 2024, Plaintiffs filed a first amended class action complaint, which asserted ten claims against Mount Sinai under federal and New York state law: (1) violation of the federal Electronic Communications Privacy Act for an alleged unauthorized interception, use, and disclosure; (2) violation of the New York Deceptive Trade Practices; (3) negligence; (4) invasion of privacy; (5) breach of implied contract; (6) breach of fiduciary duty; (7) unjust enrichment; (8) breach of confidence; (9) constructive bailment; and (10) breach of implied covenant of good faith and fair dealing;

**WHEREAS**, on January 26, 2024, Mount Sinai moved to dismiss Plaintiffs' amended complaint in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6);

**WHEREAS**, on February 9, 2024, Plaintiffs filed their memorandum of law in opposition to Mount Sinai's motion to dismiss;

**WHEREAS**, on February 16, 2024, Mount Sinai filed its reply to the motion to dismiss;

**WHEREAS**, on July 30, 2024, the Honorable Paul A. Engelmayer of the United States District Court for the Southern District of New York granted in part and denied in part Mount Sinai's Rule 12(b)(6) motion to dismiss, including denying the motion as to Plaintiffs' claim under the federal Wiretap Act of 1968, as amended by the Electronic Communications Privacy Act of

1986 (the "Wiretap Act"), the New York Deceptive Trade Practices Act, negligence, invasion of privacy, breach of implied contract, breach of fiduciary duty, breach of confidence, constructive bailment, and breach of implied covenant of good faith and fair dealing;

**WHEREAS**, on August 20, 2024, Mount Sinai moved under 28 U.S.C. § 1292(b) to certify Judge Engelmayer's decision on the federal Wiretap Act's tortious or criminal conduct exception to the United States Court of Appeal for the Second Circuit for immediate appellate review;

**WHEREAS**, on September 3, 2024, Plaintiffs opposed Mount Sinai's motion for leave to file an interlocutory appeal;

**WHEREAS**, on September 6, 2024, the Court denied Mount Sinai's motion for leave to file an interlocutory appeal without prejudice and then, on September 11, 2024, entered a scheduling order for depositions and fact discovery, after which the Parties would provide the Court with their respective positions on class certification and summary judgment briefing;

**WHEREAS**, from September 2024 to March 2025, the Parties propounded and responded to formal discovery;

**WHEREAS**, in the midst of their fact discovery, the Parties engaged in a full-day mediation before Mr. Bruce A. Friedman, *Esq.* of JAMS in Los Angeles on March 31, 2025. The mediation on March 31, 2025 did not result in resolution so the Parties continued settlement discussion with and without the assistance of Mr. Friedman;

**WHEREAS**, the mediation was ultimately successful and resulted in a settlement in principle between the Parties on April 3, 2025;

**WHEREAS**, following on the settlement in principle, this Agreement sets forth the complete and final understanding of the Parties regarding the settlement of the Litigation;

3

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by, between, and among the Class Representatives, individually and on behalf of the Settlement Class, Class Counsel, and Mount Sinai, that, subject to approval of the Court, the Litigation and the Released Claims shall be fully, finally, and forever compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties, the Settlement Class, and the Settlement Class Members, except those Settlement Class Members who lawfully opt-out of the settlement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

## I. DEFINITIONS

As used anywhere in the Settlement Agreement, including the introduction and recitals, the following terms have the meanings specified below:

1.1 **"Agreement"** or **"Settlement Agreement"** means this agreement.

1.2 **"Attorneys' Costs and Expenses"** means all actual costs and expenses incurred by Class Counsel in connection with commencing, prosecuting, and settling the Litigation on behalf of Class members.

1.3 **"Attorneys' Fees Award"** means the award of attorneys' fees approved by the Court for Class Counsel's fees for commencing, prosecuting, and settling the Litigation on behalf of Class members.

1.4 **"Claimant"** means the members of the Settlement Class who make a Settlement Claim.

1.5 **"Claims Administration"** means the processing and paying of claims received from Settlement Class Members by the Settlement Administrator.

1.6 **"Claims Administration Costs"** means all actual costs associated with or arising from Claims Administration, including any taxes owed on the Settlement Fund.

4

1.7    **"Claims Deadline"** means the date by which Settlement Class Members must return or submit the Claim Form to the Settlement Administrator online or via U.S. mail, postmarked by that date. The Claims Deadline shall be sixty (60) days after the Notice Date.

1.8    **"Claim Form"** means the form that will be available for Settlement Class Members to submit a Settlement Claim to the Settlement Administration, substantially in the form shown in **Exhibit C** to this Settlement Agreement. Settlement Class Members must submit a Claim Form, subject to the provisions of this Settlement Agreement, to obtain benefits under this Submit Agreement.

1.9    **"Claim Payment"** means the *pro rata* digital payment or mail check made to each Claimant that submitted a Claim Form approved by the Settlement Administrator or by the Court, for good cause shown, in accordance with the terms and conditions of this Settlement Agreement.

1.10   **"Class Counsel"** shall mean David S. Almeida and Britany A. Kabakov of Almeida Law Group LLC, located at 849 W. Webster Avenue in Chicago, Illinois 60614.

1.11   **"Days"** means calendar days.

1.12   **"Defendant"** or **"Mount Sinai"** means Mount Sinai Health System, Inc.

1.13   **"Defendant's Counsel"** shall mean David Carney of Baker & Hostetler LLP, located at 127 Public Square, Suite 2000 in Cleveland, Ohio 44114.

1.14   **"Effective Date"** means the Date when the Settlement Agreement becomes Final, which is thirty-one (31) Days after the Court grants final approval, assuming no appeals are filed. If any appeal is filed, the Effective Date shall be thirty-one (31) Days from when the appeal is finally decided by the United States Supreme Court,

Doc ID: 2746126f6e6d5412444ab08e25765264a987b08

or the time for petition for certiorari with the United States Supreme Court has

expired, whichever date comes later.

1.15    **"Final"** means the occurrence of all of the following events:

    a.    the settlement, pursuant to this Settlement Agreement, is approved by the Court;

    b.    the Court has entered a Judgment; and

    c.    the time to appeal or seek permission to appeal from the Judgment has expired, or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance is no longer subject to further appeal or review, including through petition for certiorari.

Notwithstanding the above, any order modifying or reversing any Attorneys' Fee

Award in this case shall not affect whether the Judgment is Final or any other aspect

of the Judgment.

1.16    **"Final Approval Hearing"** means the hearing at which the Court will determine

whether to approve the proposed Settlement, including determining whether the

Settlement benefits, Claims Administration Costs, Attorneys' Costs and Expenses,

Attorneys' Fees Award, and Service Award are fair, reasonable, and adequate.

1.17    **"Judgment"** means a final Judgment rendered by the Court under Federal Rule of

Civil Procedure 54(b).

1.18    **"Litigation"** means the civil action captioned *Cooper, et al., v. Mount Sinai Health

System, Inc.*, No. 1:23-cv-09485-PAE, currently pending in the United States

District Court for the Southern District of New York before the Honorable Paul A.

Engelmayer;

1.19    **"Long-Form Notice"** means the long-form notice of Settlement to be posted on

the Settlement Website, substantially in the form of **Exhibit A**.

6

1.20    **"Net Settlement Fund"** means the remainder of the Settlement Fund after the payment of all Attorneys' Costs and Expenses and Claims Administration Costs, but before the payment of any Attorneys' Fees Award and Named Plaintiff Service Awards and any Claims Payments.

1.21    **"Notice Date"** means the date by which the Settlement Administrator must send the Short-Form Notice to all Settlement Class Members. The Notice Date shall be sixty (60) days after the Count enters the Preliminary Approval Order.

1.22    **"Notice Program"** means the method for providing reasonable notice to the Settlement Class set forth in section 4 of this Settlement Agreement.

1.23    **"Objection"** means a written objection to the Settlement made by a Settlement Class Member.

1.24    **"Objection Date"** means the date by which Settlement Class Members must make their objection to the settlement. The Objection Date shall be sixty (60) days after the Notice Date.

1.25    **"Opt-Outs"** means any and all Persons who submit valid and timely notice of their intent to be excluded from the Settlement Class.

1.26    **"Opt-Out Date"** means the date by which Settlement Class Members must request to be excluded from the Settlement Class for that request to be effective. The Opt-Out Date shall be sixty (60) days after the Notice Date.

1.27    **"Parties"** means plaintiffs Ronda Cooper, Coral Fraser, and Gilbert Manda, individually and on behalf of the Settlement Class, and defendant Mount Sinai Health System, Inc.

Doc ID: 2746126f6a6d5412444ah06a25765264a987b08

1.28    **"Patient Portal"** means the MyMountSinai Epic MyChart patient portal, available at https://mychart.mountsinai.org/mychart/.

1.29    **"Person"** means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any their business or legal entity as well as their respective spouses, heirs, predecessors, successors, representatives, or assigns.

1.30    **"Plaintiffs"** or **"Class Representatives"** means Ronda Cooper, Coral Fraser, and Gilbert Manda.

1.31    **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class. The Parties' proposed Preliminary Approval Order is attached to this Agreement as **Exhibit D** with the understanding that the Exhibit may be modified by the Court.

1.32    **"Related Entities"** means Mount Sinai Health System, Inc.'s past or present parents, subsidiaries, affiliates, divisions, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as each of these entities' respective predecessors, successors, directors, managers, officers, employees, members, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was, or could have been named as a defendant in the Litigation.

1.33    **"Release"** means the full, final, and forever complete release, relinquishment, and discharge of the Released Persons from any and all past, present, and future claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees and costs, losses,

8

rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, known, unknown, or capable of being known, in law or equity, fixed or contingent, accrued or unaccrued, and matured or not matured that arise out of, are connected to, and that were or could have been asserted in the Litigation.

1.34    **"Released Claims"** means any and all claims and causes of action, known and unknown, including any claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys costs, fees, and expenses, prejudgment interest, statutory damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been or could have been asserted by any Settlement Class Member against any Released Person based on, relating to, and concerning or arising out of the Litigation, the allegations, facts, or circumstances described therein, and any related facts. Released Claims shall not include the right of any Settlement Class Member or Released Persons to enforce the terms of this Settlement Agreement and shall not include the claims of any Settlement Class Member who timely and validly excludes themselves from the Settlement Class.

1.35    **"Released Persons"** means Mount Sinai Health System, Inc. and its Related Entities.

1.36    **"Settlement"** means the resolution of the Litigation pursuant to the terms of this Settlement Agreement.

9

1.37    **"Service Award"** means the award intended to recognize Plaintiffs for their efforts in the litigation and commitment on behalf of the Settlement Class in the amount of $2,500.00 per Plaintiff.

1.38    **"Settlement Administrator"** means Kroll, LLC, as approved by the Court.

1.39    **"Settlement Claim"** means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.40    **"Settlement Class"** means: All Mount Sinai MyChart account holders who logged into their MyChart accounts through https://mychart.mountsinai.org/ between October 27, 2020 and October 27, 2023. The Parties estimate that the Settlement Class consists of approximately 1,314,147 individuals. The Settlement Class explicitly excludes:

    a.    officers and directors of Defendant, its agents, affiliates, subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or the Released Persons have a controlling interest;

    b.    all Settlement Class Members who timely and validly exclude themselves from the Settlement Class;

    c.    the Judge assigned to evaluate the fairness of this Settlement as well as their immediate family members and staff; and

    d.    Class Counsel.

1.41    **"Settlement Class Member"** means any Person who falls within the definition of the Settlement Class.

1.42    **"Settlement Fund"** means the account created for the Settlement and maintained as a qualified settlement fund pursuant to Treasury Regulation § 1.468 B-1, *et seq*.

1.43    **"Settlement Website"** means the dedicated website created and maintained by the Settlement Administrator, which shall contain relevant documents and information

Doc ID: 2746126f6c6d5412444ab96a25765264a987b98

about the Settlement, including this Settlement Agreement, the Short-Form Notice, the Long-Form Notice, and the Claim Form, amongst other things as agreed upon by the Parties and approved by the Court as required.

1.44  **"Short-Form Notice"** means the short-form notice of Settlement, substantially in the form of **Exhibit B**. The Short-Form Notice will direct recipients to the Settlement Website where recipients may review the Long-Form Notice and make a claim for monetary relief. The Short-Form Notice will also inform Settlement Class Members, *inter alia*, of the Claims Deadline, the Opt-Out Date, the Objection Date, and the date of the Final Approval Hearing.

1.45  **"Unknown Claims"** means claims that could have been raised in the Litigation and that any of the Plaintiffs, Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, trustees, insurers, re-insurers, successors, attorneys, and assigns do not know to exist or suspects to exist, which, if known by him, her, or it, might affect his, her, or its agreement to release Defendant and all other Released Persons, or might affect his, her, or its decisions to agree to, object to, or not object to the settlement.

1.46  **"Web Properties"** means the Website, https://www.mountsinai.org/, and the Patient Portal, https://mychart.mountsinai.org/, collectively.

1.47  **"Website"** means Mount Sinai's public website, available at https://www.mountsinai.org/.

Doc ID: 2746126f6c6d5412444ch06o25765364a087h08

## II.    SETTLEMENT BENEFITS

2.1    **The Settlement Fund:** Mount Sinai shall cause the deposit of Five Million Two Hundred Fifty-Six Thousand Five Hundred Eighty-Eight Dollars and No Cents ($5,256,588.00) into a non-reversionary Settlement Fund as follows:

    a.    Two Hundred Thousand Dollars and No Cents ($200,000.00) shall be paid into the Settlement Fund ten (10) days after this Court enters the Preliminary Approval Order, or within 10 days after the receipt of a W-9 and appropriate funding account information from Kroll, which event occurs later, which shall be available to cover Claims Administration Costs incurred prior to entry of the Final Approval Order and Final Judgement; and

    b.    The balance of the Settlement Fund, Five Million Fifty-Six Thousand Five Hundred Eighty-Eight Dollars and No Cents ($5,056,588.00), shall be paid thirty (30) days after the Effective Date.

2.2    **Maximum Amounts:** Under no circumstances shall Defendant's liability exceed Five Million Two Hundred Fifty-Six Thousand Five Hundred Eighty-Eight Dollars and No Cents ($5,256,588.00).

2.3    **Representations:** Prior to the Final Approval Hearing, Mount Sinai shall provide Class Counsel with a written declaration attesting to each of the following:

    a.    any measures Mount Sinai has taken to redress the alleged transfer of personally identifiable information from its Website to third parties through the use of third-party tracking technologies;

    b.    any changes Mount Sinai has made to any disclosures in Mount Sinai's Website privacy policies or any other privacy policies;

    c.    the fact that no tracking technologies were embedded within the Patient Portal between October 27, 2020 and October 27, 2023.

2.4    **Settlement Fund Payment Timing:** The timing of payments set forth in section 2.1 is contingent upon Mount Sinai's receipt of a W-9 for the Settlement Fund from the Settlement Administrator and appropriate account funding information from Kroll. If Defendant does not receive this information by that date, the payments

specified in section 2.1 shall be made within 10 and thirty days after Mount Sinai receives the information, respectively.

**2.5**   **Settlement Fund Custody**: The Settlement Fund shall be deposited in an appropriate trust account established by the Settlement Administrator and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Agreement or returned to those who paid the Settlement Fund in the event this Agreement is voided, terminated, or cancelled. In the event this Agreement is voided, terminated, or cancelled due to a failure to obtain Court approval or any other reason:

   a.   the Class Representatives and Class Counsel shall have no obligation to repay any Claims Administration Costs incurred in accordance with the terms and conditions of this Agreement;

   b.   any amounts remaining in the Settlement Fund after the payment of Claims Administration Costs incurred, including all interest earned on the Settlement Fund net any taxes, shall be returned to the payor; and

   c.   no other person or entity shall have any further claim whatsoever to such amounts.

**2.6**   **Settlement Fund Payments:** As further described in this Settlement Agreement, the Settlement Fund shall be used to pay for:

   a.   reasonable Claims Administration Costs incurred pursuant to this Settlement Agreement, as approved by both the Parties and the Court, including the payment of any taxes on the Settlement Fund;

   b.   any Attorneys' Costs and Expenses approved by the Court;

   c.   any Attorneys' Fees Award approved by the Court;

   d.   any Service Award approved by the Court;

   e.   any benefits to Settlement Class Members, as distributed pursuant to the terms to the terms and conditions of this Agreement; and

13

     f.    any *cy pres* distribution approved by the Court.

**2.7**    **Settlement Fund Account:** The Settlement Fund shall be an account established and administered by the Settlement Administrator, at a financial institution recommended by the Settlement Administration and approved by Class Counsel and Defendant, and maintained as a qualified settlement fund pursuant to Treasury Regulation § 1.468 B-1, *et seq.*

**2.8**    **Withdrawal Authorization:** No amounts may be withdrawn from the Settlement Fund unless (i) expressly authorized by the Settlement Agreement or (ii) approved by the Court. The Parties, by agreement, may authorize the periodic payment of actual and reasonable Claims Administration Costs from the Settlement Fund without further order of the Court. Any such payments proposed by the Settlement Administrator shall be invoiced and noticed to Class Counsel and Mount Sinai's counsel at least seven (7) business days prior to payment.

**2.9**    **Class Payments:** The Settlement Administrator shall administer and oversee the distribution of the Settlement Fund to Claimants pursuant to this Agreement, subject to supervision by the Court, Defendant's Counsel, and Class Counsel.

**2.10**    **Treasury Regulations and Fund Investment:** The parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect to the Settlement Fund and for paying from the Settlement Fund any taxes owed by the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as

Doc ID: 2746126f6c6d5412444ab06a25765264a087b08

a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. All funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") at a financial institution determined by the Settlement Administrator and approved by the Parties. Funds may be placed in a non-interest-bearing account as may be reasonably necessary during the payment process. The Settlement Administrator shall, upon request of any of the Parties, provide an accounting of all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement.

**2.11**   **Taxes:** All taxes owed by the Settlement Fund shall be paid out of the Settlement Fund, shall be considered part of the Claims Administration Costs, and shall be timely paid by the Settlement Administrator without prior order of the Court. The Settlement Fund shall indemnify and hold harmless the Parties and their counsel for taxes (including, without limitation, taxes payable be reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from the Settlement Fund. Each Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

Doc ID: 2746126f6c8d5412444ab06a25765264a087b08

**2.12    Limitation of Liability:** Defendant and Defendant's Counsel shall not have any responsibility or liability whatsoever with respect to:

a.    any act, omission, or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement;

b.    the management, investment, or distribution of the Settlement Fund;

c.    the formulation, design, or terms for the disbursement of the Settlement Fund;

d.    the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund;

e.    any losses suffered by, or fluctuations in value of, the Settlement Fund; or

f.    the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement fund or the filing of any returns.

Class Representatives and Class Counsel shall not have any liability whatsoever with respect to:

a.    any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement;

b.    the management, investment, or distribution of the Settlement Fund;

c.    the formulation, design, or terms for the disbursement of the Settlement Fund;

d.    the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund;

e.    any losses suffered by, or fluctuations in value of, the Settlement Fund; or

f.    the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement fund or the filing of any returns.

Doc ID: 2746126f8c8d5412444ab96a25765264c087b08

## III.    SETTLEMENT ADMINISTRATION.

3.1    **Claims Administration Costs:** All agreed upon and reasonable Claims Administration Costs will be paid from the Settlement Fund.

3.2    **Claims Administration Process:** The Settlement Administrator, subject to supervision by the Court, Class Counsel, and Mount Sinai's counsel as circumstances may require, shall administer claims in accordance with the terms of the Settlement Agreement and any additional processes agreed to by both Class Counsel and Mount Sinai's Counsel.

3.3    **Claims Submission:** To make a claim, a Settlement Class Member must complete and submit a valid, timely, and sworn Claim Form, as attached for approval by the Court as **Exhibit C**. Claim Forms shall be returned or submitted to the Settlement Administrator online or via U.S. mail, postmarked by the Claims Deadline set by the Court, or be forever barred unless such claim is otherwise approved by the Court at the Final Approval Hearing for good cause shown by the applicable Settlement Class Member.

3.4    **Claims Review:** The Settlement Administrator will review and evaluate each Claim Form for validity, timeliness, and completeness.

3.5    **Claims Payments:** Subject to the terms and conditions of this Settlement Agreement, and sixty (60) days after the Effective Date, the Settlement Administrator shall provide a Claims Payment to each Claimant whose Claim Form has been approved by the Settlement Administrator or the Court, for good cause shown, in accordance with the following distribution procedures:

17

     a.     Each Claims Payment shall equal the pro rata share of the monies remaining in the Net Settlement Fund after the payment of any Attorneys' Fee Award and Service Award, as set forth in the formula below:

$$\text{Claims Payment} = \frac{(\text{Net Settlement Fund} - (\text{Attorneys' Fee Award} + \text{Service Award}))}{\text{Number of Claims Payments}}$$

     b.     Each Claims Payment shall be delivered to the digital or physical address provided by the Claimant on his or her Claim Form.

     c.     Any Claims Payment issued under this section that is not negotiated within ninety (90) Days of its issue date shall contain a legend to that effect, be void, and not be reissued.

**3.6**     **Undeliverable Claims Payments:** For any Claim Payment returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to find a valid address and re-send the Claim Payment within thirty (30) Days after the payment was returned. The Settlement Administrator shall only make one attempt to re-send a Claim Payment.

**3.7**     **Residual Funds:** Any monies that remain in the Net Settlement Fund more than one hundred twenty (120) Days after the distribution of the Claims Payments shall be sent to one or more court-approved charitable organizations as a *cy pres* distribution. The Parties will jointly recommend to the Court the entity or entities that will be the recipients of the *cy pres* distribution. No portion of the Net Settlement Fund shall revert or be repaid to Defendant after the Effective Date.

**3.8**     **Third-Party Creditors:** In the event a third party, such as a bankruptcy trustee, former spouse, or other third party has or claims to have a claim against any payment to a Settlement Class Member, it is the responsibility of the Settlement Class Member to transmit the funds to such third party. Unless otherwise ordered

by the Court, the Parties will have no responsibility, and do not agree to any responsibility, for such transmittal.

## IV.  NOTICE TO SETTLEMENT CLASS MEMBERS.

**4.1**  **The Notice Program:** The parties agree that the Notice Program provides reasonable notice to the Settlement Class.

**4.2**  **Defendant's Obligation to the Notice Program:** Within thirty (30) days of the entry of the Preliminary Approval Order, Mount Sinai shall provide the Settlement Administrator with the names, last known email address, and/or last known home address for the Settlement Class Members.

**4.3**  **Notice Timing:** Within sixty (60) days of the entry of the Preliminary Approval, the Settlement Administrator shall send the Short-Form Notice to all Settlement Class Members (the "Notice Date").

**4.4**  **Notice Method:** Notice shall be provided by email to the greatest extent possible. To the extent that an email address is not available for a Settlement Class Member, notice shall be provided by USPS regular mail.

**4.5**  **Settlement Website:** Within sixty (60) days of the entry of the Preliminary Approval Order, and in all events prior to the delivery of notice to all Settlement Class Members, the Settlement Administrator will create the Settlement Website. Any additional contents proposed to be included or displayed on the Settlement Website shall be approved in advance by counsel for the Parties, the approval of which shall not be unreasonably withheld. The website address and the fact that a more detailed Long-Form Notice and a Claim Form are available through the Settlement Website shall be included in the Short-Form Notice.

4.6 **Notice Publication Period:** The Settlement Website shall be maintained from the Notice Date until one hundred twenty (120) Days after the Effective Date.

4.7 **Affidavit of Compliance:** At least seven (7) Days prior to the Final Approval Hearing, the Settlement Administrator shall provide to Class Counsel for filing with the Court an appropriate affidavit or declaration concerning compliance with the Court-approved Notice Program.

## V.    OPT-OUT PROCEDURES.

5.1 **Opt-Out Method:** Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated postal address established by the Settlement Administrator. The written notice must include: (1) his/her name, current address, telephone number, and unique ID; (2) a signature; (3) the name and number of the case; and (4) a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement. Written notice must be postmarked by the Claims Deadline to be effective. Settlement Class Members may only opt-out on behalf of themselves; mass or class opt-outs will not be valid.

5.2 **Opt-Out Effect:** All Persons who submit valid and timely notice of their intent to be excluded from the Settlement Class shall not receive any benefits of or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not submit valid and timely notice of their intent to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and Judgement entered thereon.

5.3    **Opt-Out Reporting:** Commencing one week after the Notice Date, the Settlement Administrator will notify Defendant's Counsel and Class Counsel of the number of Opt-Outs and continue to do so on a weekly basis. No later than ten (10) Days after the Claims Deadline, the Settlement Administrator shall provide a final report to Defendant's Counsel and Class Counsel that summarizes the number of Opt-Outs received to date and any other pertinent information requested by Defendant's Counsel or Class Counsel.

5.4    **Opt-Out Voiding:** In the event that the Settlement Administrator receives more than 1,000 Opt-Outs, Mount Sinai shall have the right to terminate the Settlement Agreement in its entirety. Mount Sinai must exercise its right pursuant to this paragraph by providing written notice to Class Counsel within ten (10) Days after receiving the list of Opt-Outs and at least three (3) Days prior to Final Approval Hearing.

VI.    **OBJECTIONS TO THE SETTLEMENT.**

6.1    **Objection Method:** Any Settlement Class Member who wishes to object to the Settlement Agreement must file an Objection with the Court and serve it upon Defendant's Counsel and Class Counsel at the addresses set forth in paragraph 6.3.

6.2    **Objection Requirements:** Each Objection must:

a.    set forth the Settlement Class Member's full name, residential address, email address, and telephone number;

b.    contain the Settlement Class Member's original signature;

c.    contain proof that the Settlement Class Member is a member of the Settlement Class;

d.    state that the Settlement Class Member objects to the Settlement, in whole or in part;

e.    set forth a statement as to the legal and factual basis for the Objection;

f.    provide copies of any documents that the Settlement Class Members wishes to submit in support of his/her position;

g.    identify all counsel representing the Settlement Class Member, if any;

h.    contain the signature of the Settlement Class Member's duly authorized attorney or other duly authorized representative, if any, along with documentation setting forth such representation; and

i.    contain a list including the case name, court, and docket number of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three (3) years.

6.3    **Objection Deadline:** Objections must be made in writing, filed with the Court, and served on both Class Counsel and Defendant's Counsel by mail no later than the Objection Deadline to the addresses set forth below:

a.    Class Counsel

> David S. Almeida, *Esq.*
> Almeida Law Group LLC
> 849 W. Webster Avenue
> Chicago, Illinois 60614

b.    Defendant's Counsel

> David Carney, *Esq.*
> Baker & Hostetler LLP
> 127 Public Square, Suite 2000
> Cleveland, Ohio 44114

6.4    **Objection Response:** Class Counsel and Defendant's Counsel may, but need not, respond to Objections by memorandum of law served prior to the Final Approval Hearing.

6.5    **Objector Noncompliance:** Any Settlement Class Member who fails to timely file and serve an Objection consistent with the requirements set forth herein shall not

be treated as having filed a valid Objection and shall be forever barred from raising any objection to the Settlement.

**6.6    Reciprocity:** Other than attorney-client communications or communications otherwise protected from disclosure pursuant to rule or law, the Parties shall promptly provide to each other copies of Objections, comments, or other documents or filings received from a Settlement Class Member.

## VII.    RELEASE.

**7.1    Effect of Release:** Subject to Court approval, as of the Effective Date, the Final Approval, and Final Judgment shall provide that Plaintiffs and all Settlement Class Members who have not validly and timely opted out of the Settlement are bound by this Settlement, and that the Litigation, the Released Claims, and all Unknown Claims are dismissed with prejudice.

**7.2    Released Claims:** On the Effective Date, and in consideration of the promises and covenants set forth in this Settlement Agreement, Plaintiffs and all Settlement Class Members, absent any Opt-Outs, will be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from any and all past, present, and future claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees and costs, losses, rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, known, unknown, or capable of being known, in law or in equity, fixed or contingent, accrued or unaccrued, and matured or not matured that arise out of, are connected to, and that were or could have been asserted in the Litigation, and based on the same or substantially similar facts and

23

circumstances. The Release shall be included as part of the Final Approval Order so that all claims released thereby shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion. The Released Claims shall constitute, and may be pled as, a complete defense to any proceeding arising from, relating to, or filled in connection with the Released Claims.

7.3    **Unknown Claims:** The Released Claims include the release of Unknown Claims.

7.4    **Limitations on Recourse:** On the Effective Date, Plaintiffs and each and every Settlement Class Member, absent any and all Opt-Outs, shall be bound by this Settlement Agreement and shall have recourse only to the benefits, rights, and remedies provided hereunder. No other action, demand, suit, arbitration, or other claim or proceeding, regardless of forum, may be pursued against Released Persons with respect to the Released Claims.

7.5    **Injunction from Prosecution:** On entry of the Final Approval Order and Final Judgment, Plaintiffs and each and every Settlement Class Member shall be enjoined from prosecuting against the Released Persons in any proceeding or forum:

a.    the Released Claims; and

b.    any claims based on any actions taken by any Released Persons that were authorized or required by this Settlement Agreement, the Court, or an appellate court as part of this Settlement.

7.6    **Inclusion of Fees:** Without in any way limiting the scope of the Release, the Release covers without limitation, any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, in connection with or

24

related in any manner to the Litigation, the Settlement, the administration of the Settlement and/or the Released Claims, and claims for the Service Award.

7.7 **Settlement Agreement Enforcement:** Nothing in the Release shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein. Nor shall the Release be construed to release claims arising out of any physical injuries alleged to arise from treatment Plaintiffs and Settlement Class Members received from Mount Sinai.

## VIII. ATTORNEYS' COSTS AND EXPENSES, ATTORNEYS' FEES AWARD, AND SERVICE AWARD.

8.1 **Attorneys' Costs and Expenses.** Class Counsel shall request the Court to approve the reimbursement of the actual costs and expenses incurred by Class Counsel in connection with commencing, prosecuting, and settling the Litigation on behalf of Class Members. The Court approved Attorneys' Costs and Expenses shall be paid from the Settlement Fund no later than thirty (30) Days after the Effective Date. The Parties did not discuss or agree upon the payment of Attorneys' Costs and Expenses at the mediation or thereafter.

8.2 **Attorneys' Fees Award:** Class Counsel shall request the Court to approve an award of attorneys' fees not to exceed thirty-five percent (35%) of the Net Settlement Fund. The amount of Court approved Attorneys' Fees Award shall be paid from the Net Settlement Fund no later than thirty (30) Days after the Effective Date, subject to the timing provisions set forth in paragraph 2.4 above. The Parties did not discuss payment of attorneys' fees until after they had agreed on the substantive terms of the Settlement.

Doc ID: 2746126f6c6d5412444cb96c25765264c987b98

8.3    **Service Award:** Class Counsel shall request the Court to approve a Service Award of Two Thousand Five Hundred Dollars and No Cents ($2,500.00) for each of the Plaintiffs: Ronda Cooper, Coral Fraser, and Gilbert Manda. The Court approved Service Award shall be paid from the Net Settlement Fund no later than thirty (30) Days after the Effective Date. The Parties did not discuss payment of Service Awards until after they had agreed on the substantive terms of the Settlement.

8.4    **Application Deadline:** Class Counsel will file applications with the Court for the requested Attorneys' Costs and Expenses, Attorneys' Fee Award, and Service Award no later than fourteen (14) Days prior to the Objection Deadline.

8.5    **Non-Contingent Provision:** The Parties agree that the Court's approval or denial of any request for Attorneys' Costs and Expenses, Attorneys' Fees Award, or Service Award are not conditions to this Settlement Agreement and are to be considered by the Court separately from the fairness, reasonableness, and adequacy of the settlement. Any reduction to the Attorneys' Costs and Expenses, Attorneys' Fees Award, or Service Award shall not operate to terminate or cancel this Settlement Agreement. In such an event, Claimants shall receive a *pro rata* subsequent claims payments as outlined in paragraph 3.6.

IX.   **THE SETTLEMENT APPROVAL PROCESS.**

9.1    **Preliminary Approval Order Requirements:** After execution of this Settlement Agreement, Plaintiffs shall timely move the Court to enter a Preliminary Approval Order, a proposed draft of which is attached as **Exhibit D**, that:

a.    Preliminarily approves this Settlement Agreement;

b.    Provisionally certifies this Settlement Class;

26

c.  Finds that the proposed settlement is sufficiently fair, reasonable, adequate, and in the best interests of the Settlement Class

d.  Finds that the Notice Program constitutes valid, due, and sufficient notice to the Settlement Class Members, and constitutes the best practicable notice under the circumstances, complying fully with the requirements of the laws of New York, the Constitution of the United States, and any other applicable law, and that no further notice to the Class is required beyond that which is provided through the Notice Program;

e.  Appoints the Settlement Administrator;

f.  Directs the Settlement Administrator to provide notice to Settlement Class Members in accordance with the Notice Program provided for in this Settlement Agreement;

g.  Approves the Claim Form and directs the Settlement Administrator to administer the Settlement in accordance with the provisions of this Settlement Agreement;

h.  Approves the Opt-Out and Objection procedures as outlined in this Settlement Agreement;

i.  Schedules a Final Approval Hearing to consider the final approval, reasonableness, and adequacy of the proposed settlement and whether it should be finally approved by the Court; and

j.  Contains any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement.

## X.    FINAL APPROVAL HEARING AND ORDER.

**10.1    Final Approval Hearing:** The Parties will recommend that the Final Approval Hearing be scheduled no earlier than one hundred and twenty (120) Days after the entry of the Preliminary Approval Order, which date shall be set forth in the Preliminary Approval Order.

**10.2    Responding to Objections:** The Parties may file a response to any Objection no later than fourteen (14) Days after the Objection Deadline.

10.3   **Objector Attendance:** An objecting Settlement Class Member has the right, but is not required, to attend the Final Approval Hearing. If an objecting Settlement Class Member intends to appear at the Final Approval Hearing, with or without counsel, he or she must, by the Objection Deadline:

    a.    mail, hand deliver, or file with the Court a notice of appearance in the Litigation;

    b.    take all other actions and/or make any additional submissions required by this Settlement Agreement, the Long-Form Notice, or Court Order; and

    c.    mail all documents submitted in response to this paragraph to Class Counsel and Defendant's Counsel.

10.4   **Attending Objector Counsel:** If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, he or she must identify the attorney(s) representing the objecting Settlement Class Member who will appear at the Final Approval Hearing and include the attorney(s) name, address, phone number, e-mail address, state bar(s) to which they are admitted, and their associated state bar number(s).

10.5   **Objector Noncompliance:** An objecting Settlement Class Member who fails to appropriately notify of his or her intent to appear at the Final Approval Hearing in person or through counsel pursuant to this Settlement Agreement, or otherwise as ordered by the Court, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement, by appeal or other means.

10.6   **Final Approval Order:** The Parties shall move the Court fourteen (14) days before the Final Approval Hearing to enter the Final Approval Order and Judgment which:

a. Finds that the Notice Program fully and accurately informed all Settlement Class Members entitled to notice of the material elements of the settlement, constitutes the best notice practicable under the circumstances, constitutes valid, due, and sufficient notice, and complies fully with the laws of New York, the United States Constitution, and any other applicable law;

b. Finds that after proper notice to the Class, and after sufficient opportunity to object, no timely objections to this Settlement Agreement have been made or all timely objections have been considered and denied;

c. Approves the Settlement, as set forth in the Settlement Agreement, as fair, reasonable, adequate, and in the best interests of the Class, in all respects, finding that the settlement is in good faith, and orders the Parties to perform the Settlement in accordance with the terms of this Settlement Agreement;

d. Finds that neither the Final Judgment, the Settlement, nor the Settlement Agreement shall constitute an admission of liability by any of the Parties, or any liability or wrongdoing whatsoever by any Party;

e. Finds that Plaintiffs shall, as of the entry of the Final Judgment, conclusively be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from the Released Claims;

f. Finds that Settlement Class Members shall, as of the entry of the Final Judgment, conclusively be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from the Released Claims;

g. Reserves exclusive and continuing jurisdiction over the Litigation and the Parties for the purposes of, among other things, (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Preliminary Approval Order, and the Final Judgment; and (ii) supervising the administration and distribution of the settlement benefits to the Settlement Class and resolving any disputes that may arise with regard to the foregoing; and

h. Dismisses the Litigation with prejudice. subject to the reservation of jurisdiction for matters discussed in subparagraph (h), if and when the Settlement becomes Final, with the Parties to bear their own attorneys' costs, expenses, and fees not otherwise awarded in accordance with this Settlement Agreement.

Doc ID: 2746126f6c8d5412444cb06c25765264c087b08

**XI.    TERMINATION OF THE SETTLEMENT AGREEMENT.**

**11.1.    Termination Rights:** Each Party shall have the right to terminate this settlement

Agreement if:

a.    The Court denies preliminary approval of this Settlement Agreement, grants preliminary approval on terms different from those set forth herein, or grants preliminary approval through an order that materially differs in substance from **Exhibit D** hereto;

b.    More than 1,000 Settlement Class Members opt-out of the Settlement Class;

c.    The Court denies final approval of this Settlement Agreement, grants final approval on terms different from those set forth herein, or grants final approval through an order that materially differs in substance from paragraph 10.6 hereto;

d.    The Final Approval Order and Final Judgement do not become Final by reason of a higher court reversing final approval by the Court and the Court thereafter declines to enter a further order(s) approving the Settlement on the terms set forth herein;

e.    A Party, its counsel, or the Settlement Administrator breaches the terms of this Settlement Agreement prior to the Effective Date; or

f.    The Effective Date Cannot occur.

**11.2.    Termination Notice:** If a Party elects to terminate this Settlement Agreement under

Section XI, that Party must provide written notice to the other Party's counsel by

hand delivery, mail, or e-mail within ten (10) Days of the occurrence of the

condition permitting termination.

**11.3.    Effect of Termination or Settlement Non-Occurrence:** If this Settlement

Agreement is terminated, disapproved, or if the Effective Date should not occur for

any reason, then:

a.    this Settlement Agreement, the Preliminary Approval Order, the Final Approval Order (if applicable), and all of their provisions shall be rendered null and void;

    b.    all Parties shall be deemed to have reverted to their respective status in the Litigation as of the date and time immediately preceding the execution of this Settlement Agreement;

    c.    except as otherwise expressly provided, the Parties shall stand in the same position in all respects as if this Settlement Agreement and any related orders had never been filed, entered into, or executed; and

    d.    no term or draft of this Settlement Agreement, nor any part of the Parties' settlement discussions, negotiations, or documentation (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), nor any rulings regarding class certification for settlement purposes (including the Preliminary Approval Order and, if applicable, the Final Approval Order and Final Judgment), will have any effect or be admissible into evidence for any purpose in the Litigation or any other proceeding.

**11.4.** **Reservation of Rights:** If this Settlement Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, Defendant shall retain all of its rights and defenses in the Litigation, without any qualification whatsoever. For example, Defendant shall have the right to object to the maintenance of this Litigation as a class action, to move for summary judgment, and to assert defenses at trial. Nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Litigation may properly be maintained as a class action, or for any other purpose.

**11.5.** **Appellate Right:** Nothing shall prevent Plaintiffs or Defendant from appealing or seeking other appropriate relief from an appellate court with respect to any denial of final approval of the Settlement by the Court.

## XII.  MISCELLANEOUS PROVISIONS.

**12.1.** **Superseding Agreement:** This Settlement Agreement constitutes the entire Settlement Agreement between and among the Parties with respect to the

Settlement of the Litigation. This Settlement Agreement supersedes all prior negotiations and settlement agreements and may not be modified or amended except by a writing signed by the Parties and their respective counsel. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part of the subject matter of this Settlement Agreement has been made or relied upon except as expressly set forth in this Settlement Agreement.

12.2.  **Incorporation of Recitals and Exhibits:** The recitals and exhibits to this Settlement Agreement are integral parts of the Settlement and are expressly incorporated and made a part of this Settlement Agreement.

12.3.  **Best Efforts:** In the event that there are any developments in the effectuation and administration of this Settlement Agreement that are not dealt with by the terms of this Settlement Agreement, such matters shall be dealt with as agreed upon by the Parties or, failing agreement, as ordered by the Court. The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Settlement Agreement, and to take all necessary or appropriate actions to obtain judicial approval of this Settlement Agreement and give this Settlement Agreement full force and effect.

12.4.  **Severability:** In the event that one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect the other provisions of the Settlement Agreement, which shall remain in full force and affect as though the invalid, illegal, or unenforceable provision(s) had

Doc ID: 2746126f6c6d5412444ab06a25765264a987b08

never been a part of this Settlement Agreement as long as the benefits of this Settlement Agreement to Defendant and the Settlement Class Members are not materially altered, positively or negatively, as a result of the invalid, illegal, or unenforceable provision(s).

**12.5.    Successors and Assigns:** This Settlement Agreement will be binding upon and inure to the benefit of the successors and assigns of the Parties, Released Persons, and Settlement Class Members.

**12.6.    Construction Equality:** This Settlement Agreement shall not be construed more strictly against one Party than another merely because it may have been prepared by counsel for one of the parties, it being recognized that, because of the arm's-length negotiations resulting in this Settlement Agreement, all Parties hereto have contributed substantially and materially to the preparation of the Settlement Agreement. All terms, conditions, and exhibits are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

**12.7.    Non-Waiver:** There shall be no waiver of any term or condition in this Settlement Agreement absent an express writing to that effect by the non-waiving Party. No waiver of any term or condition in this Settlement Agreement shall be construed as a waiver of a subsequent breach or failure of the same term or condition, or a waiver of any other term or condition in this Settlement Agreement.

**12.8.    Counterparts:** This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it and all of which shall be deemed a single Settlement Agreement.

33

**12.9.    Independent Judgment:** Each Party to this Settlement Agreement and the signatories thereto warrant that he, she, or it is acting upon his, her, or its independent judgment and the advice of his, her, or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

**12.10.    Authority:** Each signatory below warrants that she, he, or it has the requisite authority to execute this Settlement Agreement and bind the Party on whose behalf she, he, or it is executing the Settlement Agreement.

*[Remainder of Page Left Intentionally Blank]*

34

**IN WITNESS WHEREOF**, the Parties hereby accept and agree to the Settlement Agreement.

Dated: ___05 / 02 / 2025___

**RONDA COOPER**

By:_____

Ronda Cooper, individually and as representative of
the Settlement Class

Dated: ___05 / 02 / 2025___

**CORAL FRASER**

By:_____

Coral Fraser, individually and as representative of
the Settlement Class

Dated: ___05 / 02 / 2025___

**GILBERT MANDA**

By:_____

Gilbert Manda, individually and as representative of
the Settlement Class

Dated: ___5/5/25___

**DEFENDANT MOUNT SINAI HEALTH SYSTEM, INC.**

By:_____

*Defendant Mount Sinai Health System, Inc.*

Beth Essig
EVP and General Counsel

35

**IT IS SO STIPULATED BY COUNSEL:**


By: David Carney, *Esq.*
**BAKER & HOSTETLER LLP**
126 Public Square, Suite 2000
Cleveland, Ohio 44114
Tel: (216) 621-0200
dcarney@bakerlaw.com

*Counsel for Defendant*
*Mount Sinai Health System, Inc.*

By: David S. Almeida, *Esq*
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
Tel: (708) 529-5418
david@almeidalawgroup.com

*Counsel for Plaintiffs Ronda Cooper*
*Coral Fraser, & Gilbert Manda*

Doc ID: 3746126f9e6d5412444eb06e25765264e987b98

**Dropbox Sign**

Audit trail

| | |
|---|---|
| **Title** | Mount Sinai - settlement agreement (for signature).pdf |
| **File name** | Mount%20Sinai%20-...0signature%29.pdf |
| **Document ID** | 2746126f6c6d5412444cb06a25765264e987b983 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | • Signed |

This document was requested from app.clio.com

## Document History

| | | |
|---|---|---|
| **SENT** | **05 / 02 / 2025**<br>18:15:11 UTC | Sent for signature to Coral Fraser (csoime@icloud.com), Ronda L. Cooper (rondal.cooper@aol.com), Gilbert Manda (gm2844@columbia.edu) and David Carney (dcarney@bakerlaw.com) from katy@almeidalawgroup.com<br>IP: 66.36.121.7 |
| **VIEWED** | **05 / 02 / 2025**<br>18:15:50 UTC | Viewed by Gilbert Manda (gm2844@columbia.edu)<br>IP: 67.223.121.178 |
| **VIEWED** | **05 / 02 / 2025**<br>18:33:57 UTC | Viewed by Ronda L. Cooper (rondal.cooper@aol.com)<br>IP: 108.29.146.73 |
| **SIGNED** | **05 / 02 / 2025**<br>18:36:24 UTC | Signed by Ronda L. Cooper (rondal.cooper@aol.com)<br>IP: 108.29.146.73 |
| **VIEWED** | **05 / 02 / 2025**<br>19:58:30 UTC | Viewed by Coral Fraser (csoime@icloud.com)<br>IP: 172.56.163.42 |
| | **05 / 02 / 2025**<br>20:06:14 UTC | Signed by Coral Fraser (csoime@icloud.com)<br>IP: 172.56.163.78 |

Powered by **Dropbox Sign**

**Dropbox Sign**

Audit trail

| | |
|---|---|
| Title | Mount Sinai - settlement agreement (for signature).pdf |
| File name | Mount%20Sinai%20-...0signature%29.pdf |
| Document ID | 2746126f6c6d5412444cb06a25765264e987b983 |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

This document was requested from app.clio.com

## Document History

| | | |
|---|---|---|
| SIGNED | 05 / 02 / 2025<br>22:56:26 UTC | Signed by Gilbert Manda (gm2844@columbia.edu)<br>IP: 47.230.172.128 |
| VIEWED | 05 / 03 / 2025<br>11:26:45 UTC | Viewed by David Carney (dcarney@bakerlaw.com)<br>IP: 165.225.60.53 |
| SIGNED | 05 / 05 / 2025<br>14:02:41 UTC | Signed by David Carney (dcarney@bakerlaw.com)<br>IP: 165.225.60.53 |
| COMPLETED | 05 / 05 / 2025<br>14:02:41 UTC | The document has been completed. |

# EXHIBIT A

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**United States District Court for the Southern District of New York**

*Cooper, et al., v. Mount Sinai Health System, Inc.*
**Case No. 1:23-cv-09485-PAE**

**A Court has authorized this Long-Form Notice ("Notice"). This is not a solicitation from a lawyer.**

**IF YOU ARE A MOUNT SINAI MYCHART ACCOUNT HOLDER WHO LOGGED INTO YOUR MYCHART ACCOUNT THROUGH HTTPS://MYCHART.MOUNTSINAI.ORG/ BETWEEN OCTOBER 27, 2020 AND OCTOBER 27, 2023, YOU MAY BE ELIGIBLE TO RECEIVE A CLAIM PAYMENT FROM A CLASS ACTION SETTLEMENT.**

This Litigation is titled *Cooper, et al., v. Mount Sinai Health System, Inc.,* Case No. 1:23-cv-09485-PAE and is pending in the United States District Court for the Southern District of New York. The people that filed the class action lawsuit are called the Plaintiffs or Class Representatives and the company they sued is Mount Sinai Health System, Inc. referred to as the Defendant.

Defendant provides healthcare services in the State of New York. In connection with these services Defendant operates a public website, www.mountsinai.org, or Website, and an Epic MyChart patient portal, https://mychart.mountsinai.org/, or Patient Portal, and collectively with the Website, called the Web Properties. Through the Litigation, the named plaintiffs alleged that their personal health information was collected and shared with Facebook through Mount Sinai's implementation of the Facebook Pixel and Conversions Application Programming Interface (CAPI) on its Website and Patient Portal. Mount Sinai denies this allegation, including specifically denying that any medical information from either the Patient Portal or the Website was shared with Facebook. Nonetheless, the Parties collectively agreed to resolve their dispute on a class-wide basis.

**Who is a Settlement Class Member?**

> Mount Sinai MyChart account holders who logged into their MyChart accounts through https://mychart.mountsinai.org/ between October 27, 2020 and October 27, 2023.

The Settlement Class excludes: (a) officers and directors of Defendant, its agents, affiliates, subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or the Released Persons have a controlling interest; (b) all Settlement Class Members who timely and validly exclude themselves from the Settlement Class; (c) the Judge assigned to evaluate the fairness of this Settlement as well as their immediate family members and staff; and (d) Class Counsel.

Settlement Class Members under the Settlement Agreement will be eligible to receive the following compensation:

- ❖ **Claim Payment:** Claim Payments to each Settlement Class Member that submits a valid Claim Form;

  - ➢ Each Claim Payment shall equal the *pro rata* share of the monies remaining in the Settlement Fund after the payment of settlement class counsels' attorneys' fees and expenses, named plaintiff service awards, and settlement and administration costs.

To obtain more information, visit **www.website.com** or call **(XXX) XXX-XXXX.**

**Please read this Notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

| | Summary of Legal Rights | Deadline(s) |
|---|---|---|
| **Submit a Claim Form** | The only way to receive a Claim Payment from the Settlement. | Submitted or postmarked on or before **<<Claims Deadline>>**. |
| **Exclude Yourself by Opting Out of the Class** | Receive no payment from the Settlement. This is the only option that allows you to keep your right to bring any other lawsuit against Defendant relating to the Litigation. | Mailed and postmarked on or before **<<Opt-Out Date>>**. |
| **Object to the Settlement and/or Attend the Final Approval Hearing** | You can write the Court about why you agree or disagree with the Settlement. You can also ask to speak at the Final Approval Hearing on **<<Final Approval Hearing date>> at <<Time>>** a.m. ET about the fairness of the Settlement, with or without your own attorney. | Mailed and postmarked on or before **<<Objection Date>>**. |
| **Do Nothing** | You will not receive any Claim Payment from this class action Settlement. If the Settlement becomes Final, you will give up your rights to sue Defendant (or any Related Entities) separately for claims relating to the Litigation or to continue to pursue any such claims you have already filed. | N/A |

- Your rights and options as a Settlement Class Member – **and the deadlines to exercise your rights** – are explained in this Notice.

- The Court will still have to decide whether to approve the Settlement. Claim Payments to Settlement Class Members will be made only if the Court approves the Settlement and after any possible appeals are resolved.

| **What This Notice Contains** |
|---|

**Basic Information**...................................................................................................... **4**

**Who is in the Settlement**............................................................................................ **4**

**The Settlement Benefits—What You Get if You Qualify**........................................ **5**

**How Do You Submit a Claim**..................................................................................... **5**

**Excluding Yourself from the Settlement**.................................................................. **6**

**Objecting to the Settlement**....................................................................................... **7**

**The Lawyers Representing You**................................................................................. **8**

**The Court's Final Approval Hearing**........................................................................ **8**

**If You Do Nothing**....................................................................................................... **9**

**Additional Information**............................................................................................... **9**

## BASIC INFORMATION

| 1.    Why is there a Notice? |
|---|

The Court authorized this Notice because you have a right to know about the Settlement, and all of your options, before the Court decides whether to grant final approval and make the Settlement Final. This Notice explains the nature of the lawsuit that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

The Honorable Judge Paul A. Engelmayer of the United States District Court for the Southern District of New York is overseeing this case captioned as *Cooper, et al., v. Mount Sinai Health System, Inc.,* Case No. 1:23-cv-09485-PAE. The people who brought the lawsuit are called the Class Representatives. The company being sued, Mount Sinai Health System, Inc., is called the Defendant.

| 2.    What is the Litigation about? |
|---|

Defendant provides healthcare services in the State of New York. In connection with these services Defendant operates a public website, www.mountsinai.org, or Website, and an Epic MyChart patient portal, https://mychart.mountsinai.org/, or Patient Portal, and collectively with the Website, called the Web Properties. Through the Litigation, the named plaintiffs alleged that their personal health information was collected and shared with Facebook through Mount Sinai's implementation of the Facebook Pixel and Conversions Application Programming Interface (CAPI) on its Website and Patient Portal. Mount Sinai denies this allegation, including specifically denying that any medical information from either the Patient Portal or the Website was shared with Facebook. Nonetheless, the Parties collectively agreed to resolve their dispute on a class-wide basis. For more information regarding the case visit **www.website.com** which contains the relevant pleadings.

| 3.    Why is this a class action? |
|---|

In a class action, one or more people called Class Representatives sue on behalf of all people who have similar claims. Together, all of these people are called a Settlement Class, and the individuals are called Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

| 4.    Why is there a Settlement? |
|---|

The Court has not decided in favor of the Class Representatives or Defendant. Instead, both sides agreed to this Settlement. The Settlement avoids the cost and risk of a trial and related appeals, while providing benefits to Settlement Class Members. The Class Representatives appointed to represent the Settlement Class, and the attorneys for the Settlement Class (also referred to as Class Counsel) think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

| 5.    How do I know if I am part of the Settlement? |
|---|

You are affected by the Settlement and potentially a Settlement Class Member if you are a Mount Sinai MyChart account holder who logged into their MyChart account through https://mychart.mountsinai.org/ between October 27, 2020 and October 27, 2023. It is estimated that the Settlement Class consists of approximately 1,314,147 individuals.

The Settlement Class excludes: (a) officers and directors of Defendant, its agents, affiliates, subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or the Released Persons have a controlling interest; (b) all Settlement Class Members who timely and validly exclude themselves from the Settlement Class; (c) the Judge assigned to evaluate the fairness of this Settlement as well as their immediate family members and staff; and (d) Class Counsel.

| 6. What if I am not sure whether I am included in the Settlement? |
| --- |

If you are not sure whether you are included in the Settlement, you may call (XXX) XXX-XXXX with questions. You may also write with questions to:

<<Mailing Caption>>
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

**THE SETTLEMENT BENEFITS–WHAT YOU GET IF YOU QUALIFY**

| 7. What does the Settlement provide? |
| --- |

Defendant agrees to deposit into a Settlement Fund, $5,256,588.00 to pay for: (a) reasonable Claims Administration Costs, including the payment of any taxes on the Settlement Fund; (b) any Attorneys' Costs and Expenses and Attorneys' Fees Award approved by the Court; (c) any Service Award approved by the Court; (d) any benefits to Settlement Class Members; and (e) any *cy pres* distribution approved by the Court.

Settlement Class Members under the Settlement Agreement may submit a Settlement Claim to receive:

> **Claim Payment:** Claim Payments to each Settlement Class Member that submits a valid Claim Form. Each Claim Payment shall equal the *pro rata* share of the monies remaining in the Settlement Fund after the payment of settlement class counsels' attorneys' fees and expenses, named plaintiff service awards, and settlement and administration costs.

**HOW DO YOU SUBMIT A CLAIM?**

| 8. How do I get a Claim Payment? |
| --- |

To receive a Claim Payment, you must complete and submit a Claim Form online at www.website.com or by mail to *<<Mailing Caption>>*, c/o Kroll Settlement Administration LLC, P.O. Box XXXX, New York, NY 10150-XXXX. Read the Claim Form instructions carefully, fill out the Claim Form and submit online by <<Claims Deadline>> or by mail postmarked by <<Claims Deadline>>.

**TO RECEIVE AN ELECTRONIC OR ACH PAYMENT FOR YOUR VALID SETTLEMENT CLAIM, YOU MUST FILE A CLAIM FORM ONLINE AT WWW.WEBSITE.COM**

| 9. | When will I get my Claim Payment? |
|---|---|

The Court will hold a Final Approval Hearing on <<Date>>, at <<Time>> a.m. ET to decide whether to approve the Settlement. You do not need to attend the Final Approval Hearing. If the Court approves the Settlement, there may be appeals from that decision and resolving them can take time. It also takes time for all of the Claim Forms to be processed. Please be patient. Claim Payments will begin after the Settlement has obtained Court approval and the time for all appeals has expired.

| 10. | What am I giving up as part of the Settlement? |
|---|---|

Defendant and its affiliates will receive a release from all claims that could have been or that were brought against Defendant relating to the Litigation. Thus, if the Settlement becomes Final and you do not exclude yourself from the Settlement, you will be a Settlement Class Member and you will give up your right to sue Defendant and it's past or present parents, subsidiaries, affiliates, divisions, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as each of these entities' respective predecessors, successors, directors, managers, officers, employees, members, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was, or could have been named as a defendant in the Litigation. This Release is described in the Settlement Agreement, under Section VII, which is available at www.website.com. If you have any questions, you can talk to the law firms listed in Question 16 for free or you can talk to your own lawyer.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of the Settlement, then you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting out" of the Settlement Class.

| 11. | If I exclude myself, can I get a Claim Payment from this Settlement? |
|---|---|

No. If you exclude yourself, you will not be entitled to receive any benefits from the Settlement.

| 12. | If I do not exclude myself, can I sue the Related Entities for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any right to sue Defendant and any other Related Entities for any claim that could have been or was brought relating to the Litigation. You must exclude yourself from the Settlement to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.

| 13. | How do I exclude myself from the Settlement? |
|---|---|

To exclude yourself, send a request to opt-out or written notice of intent to opt-out. The written notice must include: (1) his/her name, current address, telephone number, and unique ID; (2) a signature; (3) the name and number of the case; and (4) a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement. You must mail your request to opt-out to the Settlement Administrator postmarked by <<Opt-Out Date>>, to:

<<Mailing Caption>>
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX
Questions? Go to www.website.com or call (XXX) XXX-XXXX

All Persons who submit valid and timely request to opt-out from the Settlement Class shall not receive any benefits of or be bound by the terms of the Settlement Agreement. All Settlement Class Members who do not submit valid and timely request to opt-out from the Settlement Class shall be bound by the terms of the Settlement Agreement and Judgement.

## OBJECTING TO THE SETTLEMENT

| 14. How do I object to the Settlement? |
|---|

You can tell the Court that you do not agree with the Settlement or some part of it by objecting to the Settlement. Any Settlement Class Member who wishes to object to the Settlement Agreement must file an Objection with the Court and serve it upon Defendant's Counsel and Class Counsel at the addresses below, with a postmark date **no later than <<Objection Date>>**:

| Clerk of the Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| **<Court Address>** | David S. Almeida, *Esq.*<br>Almeida Law Group LLC<br>849 W. Webster Avenue<br>Chicago, Illinois 60614 | David Carney, *Esq.*<br>Baker & Hostetler LLP<br>127 Public Square, Suite 2000<br>Cleveland, Ohio 44114 |

Each Objection must:

1) state the Settlement Class Member's full name, residential address, email address, and telephone number;
2) contain the Settlement Class Member's original signature;
3) contain proof that the Settlement Class Member is a member of the Settlement Class;
4) state that the Settlement Class Member objects to the Settlement, in whole or in part;
5) a statement as to the legal and factual basis for the Objection;
6) provide copies of any documents that the Settlement Class Members wishes to submit in support of his/her position;
7) identify all counsel representing the Settlement Class Member, if any;
8) contain the signature of the Settlement Class Member's duly authorized attorney or other duly authorized representative, if any, along with documentation setting forth such representation; and
9) contain a list including the case name, court, and docket number of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three (3) years.

In addition to the above, if an objecting Settlement Class Member intends to appear at the Final Approval Hearing, with or without counsel, he or she must, by the Objection Deadline:

a. mail, hand deliver, or file with the Court a notice of appearance in the Litigation;
b. take all other actions and/or make any additional submissions required by this Settlement Agreement, the Long-Form Notice, or Court Order; and
c. mail all documents submitted in response to this paragraph to Class Counsel and Defendant's Counsel.

If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, he or she must identify the attorney(s) representing the objecting Settlement Class Member who will appear at the Final Approval Hearing and include the attorney(s) name, address, phone number, e-mail address, state bar(s) to which they are admitted, and their associated state bar number(s).

| **15.  What is the difference between objecting and asking to be excluded?** |
|---|

Objecting is telling the Court that you do not like the Settlement or parts of it and why you do not think it should be approved. You can object only if you are a Settlement Class Member. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and do not want to receive any payment from the Settlement. If you exclude yourself, you have no basis to object because you are no longer a Settlement Class Member, and the case no longer affects you.

## THE LAWYERS REPRESENTING YOU

| **16.  Do I have a lawyer in this case?** |
|---|

Yes. The Court appointed David S. Almeida and Britany A. Kabakov of Almeida Law Group LLC, as Class Counsel to represent the Settlement Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **17.  How will the lawyers be paid?** |
|---|

Class Counsel shall request the Court to approve the reimbursement of the actual costs and expenses incurred by Class Counsel in connection with commencing, prosecuting, and settling the Litigation on behalf of Class Members. The Court approved Attorneys' Costs and Expenses shall be paid from the Settlement Fund.

Class Counsel shall request the Court to approve an award of attorneys' fees not to exceed thirty-five percent (35%) of the Net Settlement Fund. The amount of Court approved Attorneys' Fees Award shall be paid from the Net Settlement Fund. Any such award would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement and will be the only payment to them for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent fee basis.

Class Counsel will also ask the Court for a Service Award up to of $2,500.00 to the Class Representatives, for each of the Plaintiffs: Ronda Cooper, Coral Fraser, and Gilbert Manda in recognition of their contributions to this Litigation. The Court approved Service Award shall be paid from the Net Settlement Fund.

## THE COURT'S FINAL APPROVAL HEARING

| **18.  When and where will the Court decide whether to approve the Settlement?** |
|---|

The Court may hold a Final Approval Hearing at **<<Time>> ET on <<Date>>**, at the <<Court Address>>, Room ___ as ordered by the Court. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections, the Court will consider them. The Court will also rule on any motion seeking payment of reasonable Attorneys' Fees and Expenses Award, as well as a Service Award for the Class Representative. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice.

**19. Do I have to attend the hearing?**

No. Class Counsel will represent the Settlement Class before the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to visit the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 14, the Court will consider it.

**20. May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file an objection according to the instructions in Question 14, including all the information required.

## IF YOU DO NOTHING

**21. What happens if I do nothing?**

If you do nothing, you will not receive any benefits from this Settlement. If the Settlement is granted final approval and becomes Final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant or the other Related Entities based on any claim that could have been or that was brought relating to the Litigation.

## ADDITIONAL INFORMATION

**22. How do I get more information?**

This Notice summarizes the Settlement. More details are in the Settlement Agreement itself. A copy of the Settlement Agreement is available at **www.website.com**. You may also call the Settlement Administrator with questions or to receive a Claim Form at **(XXX) XXX-XXXX**.

**23. What if my contact information changes or I no longer live at my address?**

It is your responsibility to inform the Settlement Administrator of your updated information. You may do so at the address below, by calling toll-free **(XXX) XXX-XXXX** or at the Contact section of the Settlement Website.

<<Mailing Caption>>
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

## PLEASE DO NOT CONTACT THE COURT, CLERK OF THE COURT OR DEFENDANT FOR INFORMATION ABOUT THE CLASS LITIGATION SETTLEMENT

# EXHIBIT B

From:

To:

Subject: Email Notice of Proposed Class Action Settlement

**Unique ID: <<RefNum>>**

**To all Mount Sinai MyChart account holders who logged into their MyChart accounts through https://mychart.mountsinai.org/ between October 27, 2020, and October 27, 2023, you may be eligible to receive a Claim Payment from a class action Settlement**

*Cooper, et al., v. Mount Sinai Health System, Inc.*
Case No. 1:23-cv-09485-PAE

**Why am I receiving this Email Notice?** You are receiving this Email Notice as a result of the above-referenced class action litigation filed against defendant Mount Sinai Health System, Inc. (Mount Sinai) in the United States District Court for the Southern District of New York (the "Litigation"). Through the Litigation, the named plaintiffs alleged that their personal health information was collected and shared with Facebook through Mount Sinai's implementation of the Facebook Pixel and Conversions Application Programming Interface (CAPI) on its Website and Patient Portal. Mount Sinai denies this allegation, including specifically denying that any medical information from either the Patient Portal or the Website was shared with Facebook. Nonetheless, the Parties collectively agreed to resolve their dispute on a class-wide basis.

**Who is a Settlement Class Member?** You are affected by the Settlement and potentially a Settlement Class Member if you are a Mount Sinai MyChart account holders who logged into your MyChart account through https://mychart.mountsinai.org/ between October 27, 2020 and October 27, 2023.

**What does the Settlement provide?** Mount Sinai agrees to deposit into a Settlement Fund, $5,256,588.00 to pay for: (a) reasonable Claims Administration Costs, including the payment of any taxes on the Settlement Fund; (b) any Attorneys' Costs and Expenses and Attorneys' Fees Award approved by the Court; (c) any Service Award approved by the Court; (d) any benefits to Settlement Class Members; and (e) any *cy pres* distribution approved by the Court. Settlement Class Member that submits a valid Claim Form with receive an equal *pro rata* share of the monies remaining in the Settlement Fund after the payment of settlement class counsels' attorneys' fees and litigation expenses, named plaintiff service awards, and settlement and administration costs. Please visit **[here]** for a full description of the Settlement Class Member Benefits and documentation requirements.

**How do I submit a Claim Form for a Claim Payment?** You must submit a Claim Form, available at **[here]** to be eligible to receive a Claim Payment. Your completed Claim Form must be submitted online or mailed to the Settlement Administrator at <Mailing Caption>, c/o Kroll Settlement Administration LLC, P.O. Box XXXX, New York, NY 10150-XXXX and **postmarked, by DATE.** You will need the Class Member ID located at the top of this email to submit a claim.

**TO RECEIVE AN ELECTRONIC OR ACH PAYMENT FOR YOUR VALID SETTLEMENT CLAIM, YOU MUST FILE A CLAIM FORM ONLINE AT WWW.WEBSITE.COM**

**What are my other options?** If you **Do Nothing,** you will be legally bound by the terms of the Settlement, and you will release your claims against Mount Sinai and other Related Entities as defined in the Settlement Agreement. You may **Opt-Out** of the Settlement by <<**Opt-Out Date>>** or file an **Objection** to the Settlement by <<**Objection Date>>**. Please visit **www.website.com** for more information on how to submit a request to opt-out and exclude yourself from or object to the Settlement.

**Do I have a lawyer in this case?** Yes, the Court appointed David S. Almeida and Britany A. Kabakov of Almeida Law Group LLC to represent you and other Settlement Class Members. You will not be charged directly for these lawyers; instead, the Attorneys' Costs and Expenses, Attorneys' Fees Award, not to exceed thirty-five percent (35%) of the Net Settlement Fund, and Service Awards will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**The Court's Final Approval Hearing.** The Court is scheduled to hold a Final Approval Hearing on **DATE** at **TIME** ET, to consider whether to approve the Settlement, the Attorneys' Costs and Expenses, the Attorneys' Fees Award, not to exceed thirty-five percent (35%) of the Net Settlement Fund and a Service Award payment of $2,500.00 to each Class Representative. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to.

This Email Notice is only a summary. For more information or to change your address, visit **www.website.com** or call toll-free **(XXX) XXX-XXXX**

### PLEASE DO NOT CONTACT THE COURT, CLERK OF THE COURT OR CLASS COUNSEL FOR INFORMATION ABOUT THE CLASS ACTION SETTLEMENT

Please monitor https://www.website.com/ for updates or call (XXX) XXX-XXXX.

This email was sent to you because you are a Settlement Class Member.| Unsubscribe

Please do not reply to this email, it is sent from an unmonitored mailbox.

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

Electronic Service Requested

**LEGAL NOTICE**

**IF YOU ARE A MOUNT SINAI MYCHART ACCOUNT HOLDER WHO LOGGED INTO YOUR MYCHART ACCOUNT THROUGH HTTPS://MYCHART.MOUNTSINAI.ORG/ BETWEEN OCTOBER 27, 2020 AND OCTOBER 27, 2023, YOU MAY BE ELIGIBLE TO RECEIVE A CLAIM PAYMENT FROM A CLASS ACTION SETTLEMENT**

**www.website.com**

<<Barcode>> Unique

ID: <<Refnum>>

**Postal Service: Please do not mark barcode**

<<FirstName>> <<LastName>>
<<Company>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>

Postage
Required

_____

_____

**<Mailing Caption>**
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

<<Barcode>>
Unique ID: <<Refnum>>

**<u>Address Update</u>**

If you have an address different from where this postcard was mailed to, please write your correct address and email below and return this portion to the address provided on the other side.

**\*\*THIS NOTICE <u>IS NOT</u> A CLAIM FORM\*\***

**<u>DO NOT</u> USE THIS POSTCARD TO FILE A CLAIM, AN EXCLUSION OR OBJECTION.**

Name: _____  _____  _____
　　　　　　　First Name　　　　　　　　　　　　　　　　M.I.　　Last Name

Street Address:_____

Street Address 2:_____

City: _____  State: _____  Zip Code: _____

Email Address: _____@_____

# EXHIBIT C

*0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0

<table>
<tr><td>

**Your Claim must be submitted online or postmarked by:**

<<Claims Deadline>>

</td><td>

### CLAIM FORM FOR MOUNT SINAI WEBSITE LITIGATION

*Cooper, et al., v. Mount Sinai Health System, Inc.*
Case No. 1:23-cv-09485- PAE
United States District Court for the Southern District of New York

</td><td>

**MOUNT SINAI-C**

</td></tr>
</table>

### GENERAL INSTRUCTIONS

You are a Settlement Class Member if you are a Mount Sinai MyChart account holder who logged into your MyChart account through https://mychart.mountsinai.org/ between October 27, 2020 and October 27, 2023. You may submit a Settlement Claim for a Claim Payment, outlined below.

Please refer to the Long-Form Notice posted on the Settlement Website **www.Website.com**, for more information on submitting a Claim Form and if you part of the Settlement Class.

**To receive a Claim Payment from this Settlement via an electronic payment, you must submit the Claim Form below electronically at www.Website.com by <<Claims Deadline>>.**

This Claim Form may also be mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

<Mailing Caption>
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

Settlement Class Members under the Settlement Agreement will be eligible to receive the following compensation:

- ❖ **Claim Payment:** Claim Payments to each Settlement Class Member that submits a valid Claim Form;
  - o Each Claim Payment shall equal the *pro rata* share of the monies remaining in the Settlement Fund after the payment of settlement class counsels' attorneys' fees and litigation expenses, named plaintiff service awards, and settlement and administration costs.

---

### I. PAYMENT SELECTION

If you would like to elect to receive your Claim Payment through electronic transfer, please visit the Settlement Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

**Questions? Go to www.Website.com or call toll-free (XXX) XXX-XXXX.**

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0

## II. SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

_____    _____

**First Name**                                                      **Last Name**

_____

**Address 1**

_____

**Address 2**

_____    ___ ___    ___ ___ ___ ___ ___

**City**                                                              **State**           **Zip Code**

**Email Address:** _____@_____

**Telephone Number  (optional): (** ____ ____ ____ **)** ____ ____ ____ **-** ____ ____ ____ ____

## III. PROOF OF SETTLEMENT CLASS MEMBERSHIP

☐    Check this box to certify you are a Mount Sinai MyChart account holder who logged into your MyChart account through https://mychart.mountsinai.org/ between October 27, 2020, and October 27, 2023.

Enter the Unique ID Number provided on your Email or Short-Form Notice:

**Unique ID: 0 0 0 0 0 ___ ___ ___ ___ ___ ___ ___ ___**

**Questions? Go to www.Website.com or call toll-free (XXX) XXX-XXXX.**

\*00000\*                                         \*CF\*                                  \*Page 2 of 3\*

000000                                          CF                                    Page 2 of 3

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0 0

## IV. CLAIM PAYMENT

By checking the box below, I choose to make a Settlement Claim for a Claim Payment that will be equal the *pro rata* share of the monies remaining in the Settlement Fund after the payment of settlement class counsels' attorneys' fees and litigation expenses, named plaintiff service awards, and settlement and administration costs.

☐    Yes, I choose a *pro rata* Claim Payment

## V. ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____    \_\_\_\_ \_\_\_\_ / \_\_\_\_ \_\_\_\_ / \_\_\_\_ \_\_\_\_ \_\_\_\_ \_\_\_\_
Signature                                                                         Date

_____
Print Name

**Questions? Go to www.Website.com or call toll-free (XXX) XXX-XXXX.**

\*00000\*                              \*CF\*                              \*Page 3 of 3\*
000000                                 CF                                  Page 3 of 3

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RONDA COOPER, CORAL FRASER and GILBERT MANDA, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> MOUNT SINAI HEALTH SYSTEM, INC., <br><br> Defendant. | Case No. 1:23-cv-09485-PAE <br><br> The Honorable Paul A. Engelmayer, United States District Judge |

## <u>[PROPOSED] PRELIMINARY APPROVAL ORDER</u>

Before the court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum in Support (**ECF Nos. __**) (the "Motion"), the terms of which are set forth in a Settlement Agreement between Plaintiffs Ronda Cooper, Coral Fraser and Gilbert Manda (collectively, "Plaintiffs" and proposed "Class Representatives") and Defendant Mount Sinai Health System, Inc. ("Defendant" or "Mount Sinai"), with accompanying exhibits attached as **<u>Exhibit A</u>** to Plaintiffs' Motion.[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1.     This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over Plaintiffs and Defendant (the "Parties") for purposes of this Settlement.

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration submitted herewith, unless otherwise indicated.

## PRELIMINARY APPROVAL

2.      Federal Rule of Civil Procedure 23(e) requires court approval of class action settlements. In general, the approval process involves three stages: (1) notice of the settlement to the class after "preliminary approval" by the Court, (2) an opportunity for class members to opt out of, or object to, the proposed settlement; and (3) a subsequent hearing at which the Court grants "final approval" upon finding that the settlement is "fair, reasonable, and adequate," after which judgment is entered, class members receive the benefit of the settlement, and the settling defendants obtain a release from liability. Fed. R. Civ. P. 23(e)(1)-(2), (4)-(5).

## I.    The Court will "likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement.

3.      In considering whether the Court will "likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement, the Court must determine whether the Settlement Class likely meets the requirements for class certification under Federal Rule of Civil Procedure 23(a) (numerosity, commonality, typicality, and adequacy) and any one of the subsections of Federal Rule of Civil Procedure 23(b), here subsection (b)(3).

4.      The Court finds, for settlement purposes only, that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a)(1)-(4) and 23(b)(3), and that it will likely be able to certify the proposed Settlement Class, which is defined as: all Mount Sinai MyChart account holders who logged into their MyChart accounts through https://mychart.mountsinai.org/ between October 27, 2020 and October 27, 2023. The Settlement Class consists of approximately 1,314,147 individuals. The Settlement Class excludes: (a) officers and directors of Defendant, its agents, affiliates, subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or the Released Persons have a controlling interest; (b) all Settlement Class Members who timely and validly exclude themselves from the Settlement Class; (c) the Judge assigned to

evaluate the fairness of this Settlement and their immediate family members and staff; and (d) Class Counsel.

5.      Additionally, the Court finds, for purposes of settlement only, that the Settlement is ascertainable because it is defined by objective criteria. *In re Petrobas Secs. Litig.*, 862 F.3d 250, 257 (2d Cir. 2017), and that it will likely be able to appoint Plaintiffs' Counsel as Class Counsel under Federal Rule of Civil Procedure 23(g).

6.      The Settlement Class, if certified in connection with Final Approval, shall be for settlement purposes only and without prejudice to the Parties in the event Settlement is not finally approved by this Court or otherwise does not take effect.

7.      Accordingly, for settlement purposes only, the Court appoints the following Plaintiffs as Class Representatives for the Settlement Class: Ronda Cooper, Coral Fraser and Gilbert Manda.

8.      The Court appoints, for settlement purposes only, David S. Almeida and Britany A. Kabakov as Class Counsel under Federal Rule of Civil Procedure 23(g)(3). Class Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be given pursuant to, the Settlement or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Settlement Agreement.

## II.    The Court will "likely be able to" grant final approval to the Settlement as "fair, reasonable, and adequate."

9.      The Court finds that it will "likely be able to" grant final approval to the Settlement as "fair, reasonable, and adequate," such that the Settlement, its terms and conditions, including the release, warrants preliminary approval and dissemination of Notice to the Settlement Class so that Settlement Class Members may express any objections to the Settlement or decide whether to opt out of the Settlement or participate in it. The Settlement appears at this preliminary stage to be

3

procedurally fair, reasonable, and adequate in that Plaintiffs and Class Counsel have adequately represented the Settlement Class in litigating the merits of the dispute and in obtaining a Settlement of significant value through arm's-length negotiations between and among sophisticated counsel and under the auspices of an experienced mediator. Fed. R. Civ. P. 23(e)(2)(A)-(B).

10.     The Settlement appears at this preliminary approval stage to be substantively fair, reasonable, and adequate in that the relief provided is not insubstantial, particularly when taking into account the costs, risks, and delays of trial. Fed. R. Civ. P. 23(e)(2)(C). Here, Plaintiffs alleged damages for the compromise of their private health information. Mount Sinai disputes Plaintiffs' allegations and continued litigation may have meant Plaintiffs and the Settlement Class receive nothing. The resolution proposed here provides Settlement Class Members with pro rata cash payments from the Net Settlement Fund after subtracting the payment of Attorneys' Fees and Service Awards. This is a reasonable resolution given the uncertainty of continued, protracted litigation.

11.     The proposed method of distributing relief to the Settlement Class Members is relatively streamlined, requiring submission of a Claim Form that will permit the Settlement Administrator to ensure that the Claim is valid. Settlement Class Members may submit the Claim Form electronically through the Settlement Website or they may submit a paper form if they prefer.

12.     Attorneys' fees and case expenses will be paid only after Final Approval and only by approval of the Court, which will consider any request for fees in conjunction with Final Approval. Fed. R. Civ. P. 23(e)(2)(C). The Parties have represented that there are no side agreements to be identified under Fed. R. Civ. P. 23(e)(3).

13.     Finally, the proposal treats Settlement Class Member equitably relative to one another. Each eligible Settlement Class Member will receive a pro rata cash payment if they file a valid Claim. Fed. R. Civ. P. 23(e)(2)(D).

14.     Having found that (1) "the court will likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement; and (2) "the court will likely be able to" grant final approval to the settlement as a "fair, reasonable, and adequate" compromise, so that it makes sense to give notice to the proposed class members, the Court hereby **GRANTS** preliminary approval to the Settlement.

### NOTICE TO THE SETTLEMENT CLASS

15.     Upon granting preliminary approval under Federal Rule of Civil Procedure 23(e)(1), the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B).

16.     The Court finds that the Notice Program, including the Short Form Notice that will be sent to Settlement Class Members electronically or, if the Settlement Administrator lacks a valid email, by US Mail; Long Form Notice, which will be available to all Settlement Class Members via the Settlement Website; and the particulars of the Notice Program described in the Settlement Agreement satisfy Fed. R. Civ. P. 23 and Due Process and constitute "the best notice that is practicable under the circumstances."

17.     The Court appoints Kroll, LLC as Settlement Administrator and directs that the Notice Program be implemented as set forth in the Settlement.

**PROCEDURES FOR REQUESTING EXCLUSION FROM OR OBJECTING TO THE SETTLEMENT**

18.     A Settlement Class Member may request exclusion from the Settlement at any time prior to the Claims Deadline as set forth in this Order. Settlement Class Members may opt out from receiving the Settlement's Benefits by individually signing and timely submitting written notice of such intent to the designated postal address established by the Settlement Administrator. The written notice must include: (i) his/her name, current address, telephone number, and unique ID; (ii) a signature; (iii) the name and number of the case; and (iv) a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement.

19.     Any Settlement Class Member who elects to opt out of the Settlement shall not be entitled to receive any benefits conferred by the Settlement. Any Settlement Class Member who does not timely and validly request to opt out shall be bound by the terms of the Settlement, including the Release.

20.     Settlement Class Members may also object to the Settlement by submitting written objections by mail to the Court, Class Counsel and Defendant's Counsel. Each Objection must (i) set forth the Settlement Class Member's full name, residential address, telephone number, and email address; (ii) contain the Settlement Class Member's original signature; (iii) contain proof that the Settlement Class Member is a member of the Settlement Class (*e.g.*, via a copy of the settlement notice); (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth a statement of the legal and factual basis for the Objection; (vi) provides copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; (vii) identify all counsel representing the Settlement Class Member, if any; (viii) contain the signature of the Settlement Class Member's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation; and (ix) contain a list,

6

including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three (3) years.

21.     If a Settlement Class Member fails to timely file and serve an Objection pursuant to these requirements, the Objection shall not be treated as valid. Except for Settlement Class Members who have timely asserted an objection to the Settlement, all Settlement Class Members shall be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement.

**MOTION FOR FINAL APPROVAL, FEES, EXPENSES, AND SERVICE AWARD**

22.     Plaintiffs shall file their Motion for Final Approval of the Settlement 14 days before the Final Approval Hearing.

23.     Plaintiffs shall file Class Counsel's application for attorneys' fees, expenses, and for a Service Award, no later than fourteen days before the Objection Deadline.

24.     At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and on Class Counsel's application for attorneys' fees, expenses, and Service Awards.

**FINAL APPROVAL HEARING**

25.     The Court will conduct a Final Approval Hearing on _____, at _____ a.m./p.m. at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, or by video conference, to assist the Court in determining whether to grant Final Approval to the Settlement, enter a Final Approval Order and Judgment, and grant any motions for fees, expenses, and for a Service Award.

**OTHER PROVISIONS**

26.     Class Counsel and Defendant's Counsel are authorized to take, without further approval of the Court, all necessary and appropriate steps to implement the Settlement according to its terms, including implementing the Notice Program.

27.     Pending determination whether the Settlement Agreement should be granted Final Approval, further proceedings against Defendant are stayed in this Litigation, other than proceedings necessary to carry out or enforce the terms of the Settlement.

28.     Defendant shall serve the appropriate government officials with the notice required by 28 U.S.C. § 1715 within the time provided by statute.

29.     Without further orders of the Court, the Parties may agree to make non-material modifications to the Settlement Agreement (including the exhibits thereto) in implementing the Settlement that are not inconsistent with this Preliminary Approval Order, including making minor changes to the Settlement Agreement, to the form or content of the Short Form and Long Form Notice, or to any other exhibits that the Parties jointly agree in writing are reasonable or necessary.

30.     The Court shall retain jurisdiction over the Settlement Agreement and shall consider all further matters arising out of or connected with the Settlement.

**SCHEDULE OF DEADLINES**

31.     The Court sets the following deadlines:

| Event | Date |
|-------|------|
| Deadline for Defendant to pay $200,000 in cash into the Settlement Fund to cover Cost of Claims Administration incurred prior to Final Approval | No later than 10 days from the date of this Order or within 10 days after the receipt of a W-9 and appropriate funding account information |
| Deadline for Defendant to provide the Settlement Administrator with names, last known email addresses and/or last known | No later than 30 days from the date of this Order |

| home addresses for Settlement Class Members (the Class List) | |
|---|---|
| Deadline for Settlement Administrator to commence the Notice Program | No later than 60 days from the date of this Order |
| Claims Deadline | No later than 60 days after the Notice Date |
| Opt Out Date | No later than 60 days after the Notice Date |
| Objection Date | No later than 60 days after the Notice Date |
| Deadline for filing a Motion for Final Approval | No later than 14 days before the Final Approval Hearing |
| Deadline for filing any petition for an award of attorneys' fees, expenses, and Service Awards | No later than 14 days before the Claims/Opt Out/Objection Deadline |
| Final Approval Hearing | _____ (at least 120 days from the date of this Order) |

**SO ORDERED.**

Date: _____


_____

Hon. Paul A. Engelmayer

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONDA COOPER, CORAL FRASER, and GILBERT MANDA, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>MOUNT SINAI HEALTH SYSTEM, INC.,<br><br>Defendant. | Case No. 1:23-cv-09485-PAE<br><br>**DECLARATION OF FRANK BALLARD OF KROLL SETTLEMENT ADMINISTRATION LLC IN CONNECTION WITH PRELIMINARY APPROVAL OF SETTLEMENT** |

I, Frank Ballard, hereby declare:

1.      I am a Director of Kroll Settlement Administration LLC ("Kroll"),[1] the proposed Settlement Administrator[2] to be appointed in the above-captioned case, whose principal office is located at One World Trade Center, 285 Fulton Street, 31st Floor, New York, New York 10007. I am over 21 years of age and am authorized to make this declaration on behalf of Kroll and myself. The following statements are based on my personal knowledge and information provided by other experienced Kroll employees working under my general supervision. This declaration is being filed in connection with preliminary approval of the Settlement.

2.      Kroll has extensive experience in class action matters, having provided services in class action settlements involving antitrust, privacy, securities, labor and employment, consumer and government enforcement matters. Kroll has provided class action services in over 3,000 settlements varying in size and complexity over the past 50 years.

3.      Kroll is prepared to provide a full complement of notification and Claims Administration services in connection with the Settlement Agreement entered into this Litigation,

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement entered into in this Litigation.

[2] The Settlement Agreement identifies "Kroll, LLC" as the proposed Settlement Administrator. Kroll, LLC is the parent company of Kroll Settlement Administration LLC, the actual proposed Settlement Administrator in this case.

including dissemination of the Short-Form Notice by email, mail, and through the use of a Settlement Website to be created in connection with this matter.

4.      It is Kroll's understanding that it will be provided with a list of Settlement Class Members from Defendant, pursuant to the Settlement Agreement, which will contain a combination of names, last known email address, and/or last known physical home address, and other data elements pertinent to the administration of the Settlement.

## CAFA Notice

5.      On behalf of Defendant, Kroll will provide notice of the proposed Settlement pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b) (the "CAFA Notice"). At Defendant's Counsel's direction, Kroll will send the CAFA Notice, which identifies how to access required documents relating to the Settlement, via first-class certified mail to (a) the Attorney General of the United States and (b) the applicable state Attorneys General. The CAFA Notice will direct the recipients to the website www.CAFANotice.com, a site that will contain all the documents relating to the Settlement referenced in the CAFA Notice.

## Notice by Email

6.      In preparation for disseminating Short-Form Notices by email (the "Email Notice"), Kroll will work with Class Counsel and Defendant's Counsel (collectively, "Counsel") to finalize the language for the Email Notice. Once the Email Notice is approved, Kroll will create an Email Notice template in preparation for the email campaign. Kroll will prepare a file with all Settlement Class Member email addresses and upload the file to an email campaign platform. Kroll will prepare email proofs for Counsel's review and final approval. The proofs/test emails for approval will include the body of the email and subject line. Once the proofs/test emails are approved, the email campaign will begin as directed in the Settlement Agreement.

7.      Kroll will track and monitor emails that are rejected or "bounced back" as undeliverable. At the conclusion of the email campaign, Kroll will provide a report with the email delivery status of each record. The report will include the number of records that had a successful Email Notice delivery, and a count of the records where delivery failed. Kroll will also update its

administration database with the appropriate status of the email campaign for each of the Settlement Class Member records.

8.      If the Email Notice was delivered successfully, no further action will be taken with respect to the particular potential Settlement Class Member record.

9.      If the Email Notice is rejected or "bounces back" as undeliverable, where addresses are available, and after consultation with Counsel, Kroll will send a Short-Form Notice by first-class mail to the physical address for that record, if available, as described below.

**Notice by Mail**

10.     Kroll will work with Counsel to format the Short-Form Notice for mailing (the "Mail Notice"). Upon approval, Kroll will coordinate the preparation of Mail Notice proofs for Counsel's review and final approval.

11.     As required under paragraph 4.4 of the Settlement Agreement, Kroll will send the Mail Notice by first-class mail to the physical mailing addresses of Settlement Class Members: 1) who only have a physical mailing address (and no email address) in the Settlement Class Member data to be provided by Defendant; and 2) whose Email Notice bounced and a physical mailing address is included in the Settlement Class Member data.

12.     In preparation for the Mail Notice mailing, Kroll will send the Settlement Class Member data through the United States Postal Service's ("USPS") National Change of Address ("NCOA") database. The NCOA process will provide updated addresses for Settlement Class Members who have submitted a change of address with the USPS in the last 48 months, and the process will also standardize the addresses for mailing. Kroll will then prepare a mail file of Settlement Class Members that are to receive the Mail Notice via first-class mail.

13.     As directed by Counsel, Short-Form Notices returned by the USPS with a forwarding address will be automatically re-mailed to the updated address provided by the USPS.

14.     As directed by Counsel, Short-Form Notices returned by the USPS undeliverable as addressed without a forwarding address will be sent through an advanced address search process

in an effort to find a more current address for the record. If an updated address is obtained through the advanced search process, Kroll will re-mail the Mail Notice to the updated address.

15.     The Notice Program as outlined in the Settlement Agreement and as expected to be implemented by Kroll contemplates a robust list of Settlement Class Members to be provided by Defendant that will allow for direct notice to reach the vast majority of Settlement Class Members through direct mail and email, consistent with due process. Based upon information provided by Counsel, and assuming data received is relatively up to date, Kroll estimates an average undeliverable rate of no more than 8% and thus projects direct notice will likely reach 92% of the proposed Settlement Class Members. These assumptions are subject to the accuracy and quality of the data received. This reach rate is consistent with other court-approved, best-practicable notice programs and Federal Judicial Center Guidelines, which state that a notice plan that reaches over 70% of targeted class members is considered a high percentage and the "norm" of a notice campaign.[3]

**<u>Settlement Website</u>**

16.     Kroll will work with Counsel to create a dedicated Settlement Website. The Settlement Website URL will be determined and approved by Counsel. The Settlement Website will (i) contain a summary of the Settlement; (ii) allow Settlement Class Members to contact the Settlement Administrator with any questions or changes of address; (iii) provide notice of important dates such as the Final Approval Hearing, Claims Deadline, Objection Date, and Opt-Out Date; and (iv) provide Settlement Class Members who file Claim Forms online the opportunity to select an electronic payment method, including Venmo, Zelle, Paypal, ACH, or payment by check. The Settlement Website will also contain relevant documents including the Settlement Agreement, Short-Form Notice, Long-Form Notice, Claim Form, and any other materials agreed upon by Counsel or required by the Court.

---

[3] Barbara Rothstein and Thomas Willging, Federal Judicial Center Managing Class Action Litigation: A Pocket Guide for Judges, at 27 (3d ed. 2010).

**Toll-Free Telephone Number**

17.      Kroll will also establish a toll-free telephone number for the Settlement. The toll-free telephone number will allow Settlement Class Members to call and obtain information about the Settlement through an Interactive Voice Response ("IVR") system and a live operator option. Settlement Class Members may also request copies of the Long-Form Notice and Claim Form, as well as the Settlement Agreement.

**Post Office Box**

18.      Kroll will designate a post office box with the mailing address *Mount Sinai Pixel*, c/o Kroll Settlement Administration LLC, P.O. Box 225391, New York, NY 10150-5391, in order to receive requests to opt-out, Claim Forms, and correspondence from Settlement Class Members.

**Notification and Claims Administration Costs**

19.      Based on Kroll's current understanding of the Settlement Class size and requested notification and Claims Administration services, estimated notification and Claims Administration Costs are approximately $150,300.00 for fees, costs, and other expenses incurred for providing notice and Claims Administration pursuant to the Settlement Agreement. The current estimate is subject to change depending on factors such as the actual Settlement Class size, changes to U.S. postage rates, and/or any notification or Claims Administration scope change not currently under consideration.

I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge and that this declaration was executed on May 5, 2025, in Washington, District of Columbia.

FRANK BALLARD