IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONDA COOPER, CORAL FRASER and GILBERT MANDA, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>MOUNT SINAI HEALTH SYSTEM, INC.,<br><br>Defendant. | Case No. 1:23-cv-09485-PAE<br><br>The Honorable Paul A. Engelmayer, United States District Judge |

## PRELIMINARY APPROVAL ORDER

Before the court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum in Support (**ECF No. 62**) (the "Motion"), the terms of which are set forth in a Settlement Agreement between Plaintiffs Ronda Cooper, Coral Fraser and Gilbert Manda (collectively, "Plaintiffs" and proposed "Class Representatives") and Defendant Mount Sinai Health System, Inc. ("Defendant" or "Mount Sinai"), with accompanying exhibits attached to Plaintiffs' Motion.[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over Plaintiffs and Defendant (the "Parties") for purposes of this Settlement.

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration submitted herewith, unless otherwise indicated.

## PRELIMINARY APPROVAL

2. Federal Rule of Civil Procedure 23(e) requires court approval of class action settlements. In general, the approval process involves three stages: (1) notice of the settlement to the class after "preliminary approval" by the Court, (2) an opportunity for class members to opt out of, or object to, the proposed settlement; and (3) a subsequent hearing at which the Court grants "final approval" upon finding that the settlement is "fair, reasonable, and adequate," after which judgment is entered, class members receive the benefit of the settlement, and the settling defendants obtain a release from liability. Fed. R. Civ. P. 23(e)(1)-(2), (4)-(5).

### I. The Court will "likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement.

3. In considering whether the Court will "likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement, the Court must determine whether the Settlement Class likely meets the requirements for class certification under Federal Rule of Civil Procedure 23(a) (numerosity, commonality, typicality, and adequacy) and any one of the subsections of Federal Rule of Civil Procedure 23(b), here subsection (b)(3).

4. The Court finds, for settlement purposes only, that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a)(1)–(4) and 23(b)(3), and that it will likely be able to certify the proposed Settlement Class, which is defined as: all Mount Sinai MyChart account holders who logged into their MyChart accounts through https://mychart.mountsinai.org/ between October 27, 2020 and October 27, 2023. The Settlement Class consists of approximately 1,314,147 individuals. The Settlement Class excludes: (a) officers and directors of Defendant, its agents, affiliates, subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or the Released Persons have a controlling interest; (b) all Settlement Class Members who timely and validly exclude themselves from the Settlement Class; (c) the Judge assigned to

evaluate the fairness of this Settlement and their immediate family members and staff; and (d) Class Counsel.

5. Additionally, the Court finds, for purposes of settlement only, that the Settlement is ascertainable because it is defined by objective criteria. *In re Petrobas Secs. Litig.*, 862 F.3d 250, 257 (2d Cir. 2017), and that it will likely be able to appoint Plaintiffs' Counsel as Class Counsel under Federal Rule of Civil Procedure 23(g).

6. The Settlement Class, if certified in connection with Final Approval, shall be for settlement purposes only and without prejudice to the Parties in the event Settlement is not finally approved by this Court or otherwise does not take effect.

7. Accordingly, for settlement purposes only, the Court appoints the following Plaintiffs as Class Representatives for the Settlement Class: Ronda Cooper, Coral Fraser and Gilbert Manda.

8. The Court appoints, for settlement purposes only, David S. Almeida and Britany A. Kabakov as Class Counsel under Federal Rule of Civil Procedure 23(g)(3). Class Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be given pursuant to, the Settlement or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Settlement Agreement.

## II. The Court will "likely be able to" grant final approval to the Settlement as "fair, reasonable, and adequate."

9. The Court finds that it will "likely be able to" grant final approval to the Settlement as "fair, reasonable, and adequate," such that the Settlement, its terms and conditions, including the release, warrants preliminary approval and dissemination of Notice to the Settlement Class so that Settlement Class Members may express any objections to the Settlement or decide whether to opt out of the Settlement or participate in it. The Settlement appears at this preliminary stage to be

procedurally fair, reasonable, and adequate in that Plaintiffs and Class Counsel have adequately represented the Settlement Class in litigating the merits of the dispute and in obtaining a Settlement of significant value through arm's-length negotiations between and among sophisticated counsel and under the auspices of an experienced mediator. Fed. R. Civ. P. 23(e)(2)(A)–(B).

10. The Settlement appears at this preliminary approval stage to be substantively fair, reasonable, and adequate in that the relief provided is not insubstantial, particularly when taking into account the costs, risks, and delays of trial. Fed. R. Civ. P. 23(e)(2)(C). Here, Plaintiffs alleged damages for the compromise of their private health information. Mount Sinai disputes Plaintiffs' allegations and continued litigation may have meant Plaintiffs and the Settlement Class receive nothing. The resolution proposed here provides Settlement Class Members with pro rata cash payments from the Net Settlement Fund after subtracting the payment of Attorneys' Fees and Service Awards. This is a reasonable resolution given the uncertainty of continued, protracted litigation.

11. The proposed method of distributing relief to the Settlement Class Members is relatively streamlined, requiring submission of a Claim Form that will permit the Settlement Administrator to ensure that the Claim is valid. Settlement Class Members may submit the Claim Form electronically through the Settlement Website or they may submit a paper form if they prefer.

12. Attorneys' fees and case expenses will be paid only after Final Approval and only by approval of the Court, which will consider any request for fees in conjunction with Final Approval. Fed. R. Civ. P. 23(e)(2)(C). The Parties have represented that there are no side agreements to be identified under Fed. R. Civ. P. 23(e)(3).

13. Finally, the proposal treats Settlement Class Member equitably relative to one another. Each eligible Settlement Class Member will receive a pro rata cash payment if they file a valid Claim. Fed. R. Civ. P. 23(e)(2)(D).

14. Having found that (1) "the court will likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement; and (2) "the court will likely be able to" grant final approval to the settlement as a "fair, reasonable, and adequate" compromise, so that it makes sense to give notice to the proposed class members, the Court hereby **GRANTS** preliminary approval to the Settlement.

## NOTICE TO THE SETTLEMENT CLASS

15. Upon granting preliminary approval under Federal Rule of Civil Procedure 23(e)(1), the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B).

16. The Court finds that the Notice Program, including the Short Form Notice that will be sent to Settlement Class Members electronically or, if the Settlement Administrator lacks a valid email, by US Mail; Long Form Notice, which will be available to all Settlement Class Members via the Settlement Website; and the particulars of the Notice Program described in the Settlement Agreement satisfy Fed. R. Civ. P. 23 and Due Process and constitute "the best notice that is practicable under the circumstances."

17. The Court appoints Kroll, LLC as Settlement Administrator and directs that the Notice Program be implemented as set forth in the Settlement.

5

## PROCEDURES FOR REQUESTING EXCLUSION FROM OR OBJECTING TO THE SETTLEMENT

18. A Settlement Class Member may request exclusion from the Settlement at any time prior to the Claims Deadline as set forth in this Order. Settlement Class Members may opt out from receiving the Settlement's Benefits by individually signing and timely submitting written notice of such intent to the designated postal address established by the Settlement Administrator. The written notice must include: (i) his/her name, current address, telephone number, and unique ID; (ii) a signature; (iii) the name and number of the case; and (iv) a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement.

19. Any Settlement Class Member who elects to opt out of the Settlement shall not be entitled to receive any benefits conferred by the Settlement. Any Settlement Class Member who does not timely and validly request to opt out shall be bound by the terms of the Settlement, including the Release.

20. Settlement Class Members may also object to the Settlement by submitting written objections by mail to the Court, Class Counsel and Defendant's Counsel. Each Objection must (i) set forth the Settlement Class Member's full name, residential address, telephone number, and email address; (ii) contain the Settlement Class Member's original signature; (iii) contain proof that the Settlement Class Member is a member of the Settlement Class (*e.g.*, via a copy of the settlement notice); (iv) state that the Settlement Class Member objects to the Settlement, in whole or in part; (v) set forth a statement of the legal and factual basis for the Objection; (vi) provides copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; (vii) identify all counsel representing the Settlement Class Member, if any; (viii) contain the signature of the Settlement Class Member's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation; and (ix) contain a list,

including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three (3) years.

21. If a Settlement Class Member fails to timely file and serve an Objection pursuant to these requirements, the Objection shall not be treated as valid. Except for Settlement Class Members who have timely asserted an objection to the Settlement, all Settlement Class Members shall be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement.

## MOTION FOR FINAL APPROVAL, FEES, EXPENSES, AND SERVICE AWARD

22. Plaintiffs shall file their Motion for Final Approval of the Settlement 14 days before the Final Approval Hearing.

23. Plaintiffs shall file Class Counsel's application for attorneys' fees, expenses, and for a Service Award, no later than fourteen days before the Objection Deadline.

24. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and on Class Counsel's application for attorneys' fees, expenses, and Service Awards.

## FINAL APPROVAL HEARING

25. The Court will conduct a Final Approval Hearing on **Friday, October 24, 2025 at 2:30 p.m.** at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, or by video conference, to assist the Court in determining whether to grant Final Approval to the Settlement, enter a Final Approval Order and Judgment, and grant any motions for fees, expenses, and for a Service Award.

## OTHER PROVISIONS

26. Class Counsel and Defendant's Counsel are authorized to take, without further approval of the Court, all necessary and appropriate steps to implement the Settlement according to its terms, including implementing the Notice Program.

27. Pending determination whether the Settlement Agreement should be granted Final Approval, further proceedings against Defendant are stayed in this Litigation, other than proceedings necessary to carry out or enforce the terms of the Settlement.

28. Defendant shall serve the appropriate government officials with the notice required by 28 U.S.C. § 1715 within the time provided by statute.

29. Without further orders of the Court, the Parties may agree to make non-material modifications to the Settlement Agreement (including the exhibits thereto) in implementing the Settlement that are not inconsistent with this Preliminary Approval Order, including making minor changes to the Settlement Agreement, to the form or content of the Short Form and Long Form Notice, or to any other exhibits that the Parties jointly agree in writing are reasonable or necessary.

30. The Court shall retain jurisdiction over the Settlement Agreement and shall consider all further matters arising out of or connected with the Settlement.

## SCHEDULE OF DEADLINES

31. The Court sets the following deadlines:

| Event | Date |
|---|---|
| Deadline for Defendant to pay $200,000 in cash into the Settlement Fund to cover Cost of Claims Administration incurred prior to Final Approval | No later than 10 days from the date of this Order or within 10 days after the receipt of a W-9 and appropriate funding account information |
| Deadline for Defendant to provide the Settlement Administrator with names, last known email addresses and/or last known home addresses for Settlement Class Members (the Class List) | No later than 30 days from the date of this Order |
| Deadline for Settlement Administrator to commence the Notice Program | No later than 60 days from the date of this Order |
| Claims Deadline | No later than 60 days after the Notice Date |
| Opt Out Date | No later than 60 days after the Notice Date |
| Objection Date | No later than 60 days after the Notice Date |
| Deadline for filing a Motion for Final Approval | No later than 14 days before the Final Approval Hearing |
| Deadline for filing any petition for an award of attorneys' fees, expenses, and Service Awards | No later than 14 days before the Claims/Opt Out/Objection Deadline |
| Final Approval Hearing | Friday, October 24, 2025 at 2:30 p.m. |

The Clerk of Court is respectfully directed to terminate the motion pending at Docket 62.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Date: June 16, 2025
   New York, New York