IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONDA COOPER, CORAL FRASER and GILBERT MANDA, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>MOUNT SINAI HEALTH SYSTEM, INC.,<br><br>Defendant. | Case No. 1:23-cv-09485<br><br>The Honorable Paul A. Engelmayer, United States District Judge |

### FINAL APPROVAL ORDER

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") and Plaintiffs' Motion for Service Awards, Attorneys' Fees Award and Attorneys' Costs and Expenses ("Motion for Service Awards and Fees"), which seek approval of (i) the Settlement as fair, reasonable, and adequate; (ii) Service Awards of $2,500 for each of the three representative Plaintiffs ($7,500 total); (iii) an Attorneys' Fees Award in the amount of $1,666,194.80, representing one-third of the Net Settlement Fund and (iv) reimbursement of litigation expenses in the amount of $16,403.60.[1] Having reviewed and considered the Settlement Agreement and Motions for Final Approval and Service Awards and Fees, and having conducted a Final Approval Hearing, the Court makes the following findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth herein.

---

[1] Capitalized terms herein and otherwise not defined shall have the meaning assigned to such terms in the Settlement Agreement.

1

On May 4, 2025, Plaintiffs and Defendant Mount Sinai Health System ("Defendant" or "Mount Sinai"), through counsel, entered into a Settlement Agreement ("Settlement Agreement") (Dkt. No. 64-1) which sets forth the terms and conditions of a proposed Settlement that, *inter alia*, resolves certain claims on behalf of the proposed Settlement Class and dismisses claims raised in the Litigation against Mount Sinai with prejudice.

By Order dated June 16, 2025, the Court: (i) preliminarily certified the Settlement Class for purposes of settlement and appointed Plaintiffs as Class Representatives and their counsel as Class Counsel; (ii) preliminarily approved the Settlement; (iii) approved the Notice Program, finding it satisfied due process and the requirements of FED.R.CIV.P. 23; (iv) appointed Kroll as Settlement Administrator and directed it to effectuate the Notice Program; (v) advised Settlement Class Members of the opportunity to object to the proposed Settlement; (vi) provided Settlement Class Members with the opportunity to exclude themselves from the proposed Settlement Class; and (vii) scheduled a Final Approval Hearing to consider final approval of the Settlement and any application for an Attorneys' Fees Award, Attorneys' Costs and Expenses, and Service Awards. *See* Dkt. No. 65 (the "Preliminary Approval Order").

On September 30, 2025, Plaintiffs filed their Motion for Service Awards, Attorneys' Fees Award and Attorneys' Costs and Expenses and, on October 20, 2025, their Unopposed Motion for Final Approval of Class Action Settlement. *See* Dkt. Nos. 67 & 72. The notice and claims period ended on October 14, 2025. Only one Settlement Class Member objected to the Settlement, and 19 Settlement Class Members validly requested to be excluded from the Settlement Class. *See* Dkt Nos. 66 & 71; *see also* Declaration of Frank Ballard of Kroll Settlement Administration LLC in Connection with Final Approval of Settlement, ¶ 19; Supplemental Declaration of Frank Ballard, ¶ 4.

On November 3, 2025, the Court conducted a Final Approval Hearing to consider, *inter alia*, whether: (i) the terms and conditions of the Settlement are fair, reasonable, and adequate, as required by FED.R.CIV.P. 23(e), and therefore merit final approval by the Court; (ii) the proposed Settlement Class should be finally certified for settlement purposes pursuant to FED.R.CIV.P. 23(a) and (b)(3); (iii) final judgment should be entered dismissing the Litigation against Mount Sinai with prejudice; and (iv) Plaintiffs' request for approval of the award of Service Awards, Attorneys' Fees Award, and Attorneys' Costs and Expenses should be granted.

The Court has reviewed and carefully considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written submissions, and the record in the Litigation, and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. **Jurisdiction**: The Court has personal jurisdiction over all Plaintiffs, the Settlement Class, and Mount Sinai for purposes of the Settlement. The Court has subject matter jurisdiction over the claims asserted in this Litigation and venue in the Southern District of New York is proper.

2. **Incorporation of Settlement Documents**: The Court expressly incorporates in this Final Approval Order and makes a part hereof the Settlement Agreement and Exhibits. The Court does this for the purpose of satisfying the requirements of *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 380-82 (1994), concerning the obligation of a court entering a settlement agreement to speak clearly when it wishes to retain jurisdiction.

### FINAL APPROVAL OF THE CLASS SETTLEMENT

3. The Court hereby grants final approval to the Settlement Agreement, finding the Settlement Agreement in its entirety to be fair, reasonable, and adequate pursuant to FED.R.CIV.P.

23(e). The Settlement Agreement provides significant benefits to the Settlement Class and avoids continued, protracted litigation between the Parties.

4. In determining that the Settlement is fair, reasonable, and adequate and that it merits approval, the Court has assessed the considerations set forth in FED.R.CIV.P. 23(e)(2) as well as the factors set forth by the Second Circuit Court of Appeals in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).

5. The Court finds that Plaintiffs and Class Counsel have adequately represented the Settlement Class. *See* FED.R.CIV.P. 23(e)(2)(A). First, there are no conflicting interests that exist between Plaintiffs and the Settlement Class. The record also demonstrates that Plaintiffs actively participated in the Litigation and at all times acted in the best interests of the Settlement Class. Second, Class Counsel have diligently litigated this case on behalf of the Class and achieved an acceptable resolution from Mount Sinai.

6. The Court finds that the way the Settlement was reached was procedurally fair in that it was negotiated at arm's length between and among sophisticated counsel including a mediation conducted by an experienced mediator, Mr. Bruce A. Friedman, *Esq.* of JAMS. *See* FED.R.CIV.P. 23(e)(2)(B).

7. The Court finds that the relief achieved for the Settlement Class is adequate, taking into account (i) the costs, risks, and delay of further litigation, including trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class; (iii) the terms of any proposed award of attorneys' fees, including the timing of payment; and (iv) the existence of any agreements required to be identified under FED.R.CIV.P. 23(e)(3).

8.  As detailed below, the Court finds that the fee award approved by the Court is reasonable and weighs in favor of the Settlement's overall fairness.

9.  The Court finds that the Settlement treats Settlement Class members equitably relative to each other. *See* FED.R.CIV.P. 23(e)(2)(D). Each Settlement Class member is eligible to receive the same Settlement benefits, which are themselves fair, adequate, and reasonable.

10. Finally, the reaction of the Settlement Class has been overwhelmingly positive, which weighs strongly supports the conclusion that the Settlement is fair, reasonable, and adequate. The Settlement—which resolves claims of approximately 1,314,147 individuals—drew only one objection and only 19 persons excluded themselves. *See, e.g., In re Bear Stearns Cos. Inc. Secs., Deriv., & ERISA Litig.*, 909 F. Supp. 2d 259, 266-67 (S.D.N.Y. 2012) (holding that 5.1% exclusion rate and less than 1% objection rate "weighs strongly in favor of final approval").

## CERTIFICATION OF THE SETTLEMENT CLASSES

11. Further to FED.R.CIV.P. 23(a) and (b)(3), the Court grants final certification to the Settlement Class, which is defined as follows:

> All Mount Sinai MyChart account holders who logged into their MyChart accounts through https://mychart.mountsinai.org/ between October 27, 2020 and October 27, 2023.[2]

12. The Court finds, for settlement purposes only, that the Settlement Class meets the requirements for class certification under FED.R.CIV.P. 23(a) and (b)(3)—namely, (i) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (ii) the

---

[2] The Settlement Class excludes: (a) officers and directors of Defendant, its agents, affiliates, subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or the Released Persons have a controlling interest; (b) all Settlement Class Members who timely and validly exclude themselves from the Settlement Class; (c) the Judge assigned to evaluate the fairness of this Settlement and their immediate family members and staff; and (d) Class Counsel.

Settlement Class shares common questions of law and fact; (iii) Plaintiffs' claims are typical of those of the Settlement Class Members; (iv) Plaintiffs and Plaintiffs' counsel have adequately represented—and will continue to adequately represent—the interests of the Settlement Class Members; and (v) questions of law and fact common to the Settlement Class predominate over questions affecting only individual Settlement Class Members, and certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy.

The Settlement Class, which will be bound by this Final Approval Order, shall include all members of the Settlement Class who did not submit a timely and valid request to be excluded from the Settlement Class.

13. **Requests to Opt Out of the Settlement**: The Settlement Administrator received 19 valid opt-out requests. The opt-out requests are set forth at Exhibit G to the Declaration of the Settlement Administrator.

14. **Settlement and CAFA Notice**: The Court finds that the Notice and Notice Program satisfied the applicable requirements of FED.R.CIV.P. 23(c)(2)(B) and 23(e) and fully comply with all laws and the Due Process Clause of the United States Constitution, constituting the best notice that was practicable under the circumstances of this case. Among other things, the Notice advised Settlement Class members of the opportunity to object to the proposed Settlement or to opt out of the Settlement Class. Further, the Court finds that the Parties and Settlement Administrator complied with and otherwise discharged their obligations under the Class Action Fairness Act, 28 U.S.C. § 1715(b).

## ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS

15. Class Counsel has requested an attorneys' fee award of one-third of the Net Settlement Fund, or $1,666,194.80 as well as reimbursement of expenses incurred in connection with this Litigation of $16,403.60.

16. **Reasonableness of the Attorneys' Fee Request**: In common fund settlements, such as this one, courts in this Circuit typically apply the percentage-of-the-fund method to assess an attorneys' fee request. *See, e.g., Goldberger*, 209 F.3d at 50.

17. The Court finds it is appropriate to apply the percentage-of-the-fund method here. To determine whether the request for one-third of the Net Settlement Fund is reasonable, the Court considers the guidelines set forth by the Second Circuit in *Goldberger*: (i) time and labor expended by counsel, (ii) magnitude and complexities of the litigation, (iii) risks of the litigation, (iv) quality of the representation, (v) the requested fee in relation to the settlement, and (vi) public policy considerations. *Id.* at 57 (noting that the Court has "very broad discretion . . . in determining a reasonable fee"). Upon applying the *Goldberger* factors, the Court finds that a fee of one-fourth of the Net Settlement Fund, or $1,247,771.10, is reasonable. The Court calculates the Net Settlement Fund, which consists of $4,991,084.40 by deducting claims administration costs, attorneys' costs and expenses, and service awards from the total settlement fund.

    a. **Magnitude and Complexity of the Litigation:** The Court finds that the magnitude and complexity of the Litigation weigh in favor of this award. The Litigation, though not particularly legally or conceptually complex, had the potential to be factually intricate and require extensive expert involvement.

    b. **Risks of the Litigation:** The Court finds that the risks of the Litigation weigh in favor of this award. The legal viability of Plaintiffs' claims was uncertain and contested by Mount Sinai.

7

        c.        <u>Quality of Representation</u>: The Court finds that the quality of representation weighs in favor of this award. Class Counsel has delivered significant benefits to the Settlement Class, and the Court finds that Class Counsel delivered solid representation to Plaintiffs, the putative class, and the Settlement Class.

        d.        <u>Requested Fee in Relation to the Settlement</u>: The Court finds that a one-fourth fee award falls within the range of reasonableness and compares favorably to fee awards in complex class action litigation within this Circuit.

        e.        <u>Public Policy Considerations</u>: The fee award furthers the policy goal of "providing lawyers with sufficient incentive to bring common fund cases that serve the public interest." *Goldberger*, 209 F.3d at 51.

        f.        <u>Time and Labor Expended by Counsel and Lodestar Cross-Check</u>: The Court finds that consideration of the time and labor expended by counsel, as well as a lodestar cross-check, demonstrate that the fee award is reasonable. Class Counsel and associated counsel have expended a total of 823.25 hours in this Litigation, and estimate that their lodestar amounts to $632,376.25.

The time and labor expended by counsel is appropriate and was warranted in this Litigation. Application of a lodestar cross-check confirms the Court's award.[3] The Court's fee award represents a multiplier of approximately 1.97, which is consistent with similar data privacy cases and is reasonable based on the time, complexity, and risks of this Litigation.

18. <u>Reasonableness of the Cost Reimbursement Request</u>: Courts consistently recognize that counsel may recover their "reasonable out-of-pocket expenses." *Wynne v. City of New York*, 2024 WL 5049770, at *4 (S.D.N.Y. Dec. 10, 2024). The cost reimbursement requested by Class Counsel—$16,403.60—reflects expenses typically billed by attorneys to paying clients in the marketplace and includes expenses associated with investigation of the Litigation as well as expenses related to procuring the services of a well-qualified mediator, among others. The Court finds that the expenses incurred in the Litigation are reasonable.

19. <u>Approval of Attorneys' Fees and Costs</u>: The Court awards Plaintiffs' counsel (i) $1,247,771.10 in attorneys' fees and (ii) $16,403.60 in litigation expenses. Pursuant to the Settlement Agreement, the fees and expenses shall be paid from the Settlement Fund.

---

[3] Because the Court is using a lodestar cross-check, "the hours documented by counsel need not be exhaustively scrutinized," but rather "the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case (as well as encouraged by the strictures of Rule 11)." *Goldberger*, 209 F.3d at 50. Accordingly, the Court does not need to, and elects not to, engage in a line-by-line analysis of the total hours reported by Class Counsel, which are consistent with what the Court would expect in a case of similar complexity.

20. <u>Approval of Service Awards</u>: Plaintiff service awards "are common in class action cases and serve to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs." *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 483 (S.D.N.Y. 2013) (granting service awards ranging from $5,000 to $7,500 per named plaintiff). The Court finds that the Class Representative Plaintiffs have devoted time and effort to this Litigation and have been active participants from the pre-suit investigation to the settlement process. The result obtained for the Settlement Class would not have been possible without the active participation of these Plaintiffs. The Court awards $2,500 to each of the Class Representative Plaintiffs for their commendable work on achieving this Settlement.

21. Should any remaining amount of the Net Settlement Fund, Residual Funds, be economically not distributable, the remaining funds shall be distributed to *cy pres* recipient, Ronald McDonald House of New York, upon the approval of the Court.

### RELEASE, DISMISSAL, AND ENTRY OF FINAL JUDGMENT AS TO THE SETTLING DEFENDANTS

22. **<u>Release, Covenant Not to Sue, and Permanent Injunction</u>**: The Court finds that the Release set forth in the Settlement Agreement is narrowly and appropriately tailored and therefore valid and enforceable. The Release is provided pursuant to New York law and shall be construed under New York law. The Release is effective and is binding upon Plaintiffs and the Settlement Class as to Mount Sinai and the Released Persons as of the Effective Date.

23. Pursuant to Section 7 of the Settlement Agreement, the Court permanently bars and enjoins the Plaintiffs and Settlement Class from prosecuting the Released Claims, in any proceeding in any forum against any of the Released Persons or based on any actions taken by any

Released Persons authorized or required by this Settlement Agreement or the Court or an appellate court as part of this Settlement.

24. The Court finds that Plaintiffs and Settlement Class Members (that have not opted out of the Settlement) have expressly, intentionally, fully, finally, and forever released, waived, compromised, settled, and discharged all Released Claims. Plaintiffs and the Settlement Class (other than those who have opted out of the Settlement) shall be bound by the terms and provisions of the Settlement Agreement and this Order, including the Release provisions set forth in the Settlement Agreement, which are hereby incorporated by reference and become part of this Order.

25. The Court declares that the Settlement Agreement and the Final Approval Order shall be binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings against Mount Sinai involving Released Claims(s), and shall also be binding on Plaintiffs and the Settlement Class and their respective successors and assigns, regardless of whether they previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims.

26. **Dismissals:** In consideration of the benefits provided under the Settlement Agreement, all Released Claims by or on behalf of the Settlement Class, Plaintiffs, or any and all Settlement Class Members against any and all Released Persons, are hereby dismissed with prejudice, including, but not necessarily limited to, all claims in the Second Amended Complaint asserted against Mount Sinai. These claims are dismissed without further cost, including claims for interest, penalties, costs, and attorneys' fees (except as otherwise provided for in the Settlement Agreement).

27. **Retention of Jurisdiction:** Without affecting the finality of this Order in any way, this Court retains continuing and exclusive jurisdiction (i) over the Settlement Fund, (ii) over the

11

Parties, the Settlement Class Members, and the Settlement Agreement, to interpret, implement, administer and enforce the Settlement Agreement in accordance with its terms; (iii) for all matters relating to the Settlement Agreement and the Litigation pending before the Court, (iv) to administer and enforce the terms of this Order, and (v) for any other necessary purpose.

28. **Termination of the Settlement**: If the Settlement is terminated as provided in the Agreement, or the Effective Date otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be without prejudice to the rights of Plaintiffs, Settlement Class Members, and Mount Sinai. The Plaintiffs, Mount Sinai, and Settlement Class Members shall revert to their respective pre-Settlement positions in the Litigation. In such event, the Parties shall be free to raise all claims, defenses, and arguments that they could have raised had they never negotiated, agreed to, or sought approval of the Settlement.

29. Neither the Settlement Agreement, nor its exhibits, whether or not it shall become final, nor any negotiations, documents exchanged among Class Counsel and Mount Sinai in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (i) any violation of any statute or law or of any liability or wrongdoing by Mount Sinai or any Released Person; (ii) the truth of any of the claims or allegations alleged in the Litigation; (iii) the incurrence of any damage, loss, or injury by any person; or (iv) the propriety of certification of a class other than solely for purposes of the Settlement. Further, the Settlement negotiations, including any documents exchanged among Class Counsel and Mount Sinai and any discussions associated with them, may not be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Litigation or in any other action or

proceeding of any nature, by any person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Litigation) in which the Settlement Agreement is asserted as a defense.

30. **Entry of Final Judgment**: The Court finds that there is no just reason for delay in the entry of final judgment and the Clerk of Court is expressly directed to enter final judgment pursuant to FED.R.CIV.P. 54(b).

**SO ORDERED.**

This 4th day of November, 2025.

_Paul A. Engelmayer_
Hon. Paul A. Engelmayer
United States District Judge